19 P.(2d) 751

## STATE v. RIDDEL.

### No. 3785.

Supreme Court of New Mexico.

Feb. 28, 1933

Neal & Neal, of Lovington, and W. D. Benson, of Hobbs, for appellant.

E. K. Neumann, Atty. Gen., and Frank H. Patton, Asst. Atty. Gen., for the State.

ZINN, Justice.

On September 19, 1931, the appellant was indicted by the grand jury of Lea county, charged with murdering his wife, by cutting her jugular vein with a knife, and was tried by the district court, the trial commencing on September 23, 1931, four days after the indictment. The appellant was found guilty of murder in the second degree and duly sentenced by the trial court, from which sentence an appeal is taken to this court.

The appellant pleaded self-defense and temporary inability to form any intent to kill.

The state's theory was that the appellant had murdered his wife by cutting her throat, while the theory of the defense was that the deceased and some other person attacked him, and that he was hit and became unconscious, and both himself and his wife were cut by a third person using a knife.

After the defendant had been arraigned in open court on the 21st day of September, 1931, and entered a plea of not guilty, the court ascertained from the state as to the prosecution's desire when the case should be tried and the state announced "Wednesday morning, 9 o'clock," and the attorney for the defendant announced that it would be impossible to interview witnesses and find out who they are and prepare them by Wednesday morning. This occurred at 1:50 Monday afternoon, September 21, 1931, the indictment having been returned on Saturday, September 19, 1931. The court set the case down for trial for Wednesday morning at 9 o'clock, and the defendant announced that for the reasons stated, he would do his best to get ready. On Wednesday morning when the witnesses were called, the defendant announced that two witnesses were missing, and asked in open court for a continuance until the missing witnesses could be secured, and announced that he would prepare a motion for continuance, and the court without comment asked the prosecuting attorney if the state was ready to go to trial, and upon being answered in the affirmative, made the same request of the defendant, who stated that the defendant was not ready until he could procure the attendance of a witness named Browning, or until the defendant knew the said witness Browning would be present, and further that the defendant desired to take time to file a motion for continuance on account of the absence of the said witness Browning. The court overruled the oral motion for continuance, and the defendant requested permission to file a written motion for continuance which written motion for continuance, with the court's permission, was filed, and the same overruled.

The appellant presents numerous assignments of error for the consideration of this court on appeal, but only one need be considered for a determination of this case, which is the alleged error of the trial court in overruling the motion of the appellant for a continuance. The appellant charges, and it is not denied by the state, that the testimony of Browning was material, and without his attendance at court, the appellant could not safely go to trial on the appellant's theory of the case, that he and his wife were cut by some third person.

The application for continuance was pursuant to section 105-2404, New Mexico Statutes Annotated, Compilation of 1929. No objection was made as to the form or sufficiency of the motion for continuance, and in the state's brief, the Attorney General admits that the motion complies with all statutory requirements. The question presented here, and as contended for by the appellee in opposition to that of the appellant is that it was the duty of the defendant to call the court's attention to section 105-2405 of the 1929 Compilation of New Mexico Statutes and request that the state admit that if the witness was present he would testify to the facts set forth in the motion and affidavit, and that then upon such admission such facts could have been read to and considered by the jury. The state contends it was not the province of the court to make

this request of the district attorney and that the appellant cannot now be heard to complain.

Perhaps the most common ground on which a continuance is sought is the absence of witnesses or evidence. It is the policy of the law that the parties to an action as well as the public should have the benefit of the personal attendance of material witnesses at the trial wherever reasonably practicable, and this is especially true in criminal proceedings. At the common law, the exercise of the discretion of the trial court in the granting or refusal of such a motion was absolute beyond review. This discretion has been modified by statute, either to the extent that the action of the trial court will be reviewed to ascertain whether or not the lower court has abused its discretion and manifest injustice has resulted therefrom, or else in a proper case a continuance is a matter of right. Section 105-2404 of the 1929 Compilation, which is as follows:

"Motions for continuance on account of the absence of evidence must be founded on the affidavit of the party, his agent or attorney, and must state:

"First. The name and residence of such witness, or if that be not known, a sufficient reason why not known; and also, in either case, facts showing reasonable grounds of belief that his attendance or testimony will be procured at the next term.

"Second. Efforts, constituting due diligence, which have been used to obtain such witness or his testimony.

"Third. What particular facts, as distinguished from legal conclusions, the affiant believes the witness will prove, and that the affiant believes them to be true, and that he knows of no other witness by whom such facts can be fully proved"

—was enacted to enable parties to an action to have the benefit of the personal attendance of material witnesses, with the necessary safeguards to prevent and guard against bad faith and unwarranted delays.

To avoid delay by giving an immediate trial to the party who is ready, and yet give the other party the benefit of the testimony of the absent witness, the Legislature enacted section 105-2405 of the 1929 Compilation, which is as follows: "If the application for continuance is insufficient it shall be overruled; if held sufficient the cause shall be continued, unless the opposite party will admit that the witness, if present, would testify to the facts therein stated, in which event the cause shall not be continued, but the party may read as evidence of such witness the facts held by the court to be properly stated"

—which is for the benefit of the opposite party who seeks to defeat the motion for continuance. This section is not for the benefit of the party who made the application for the continuance, but for the benefit of the party who seeks to defeat and prevent the continuance, and the duty rests upon the party who seeks the prevention of the continuance to admit that the missing witness would testify to the facts stated in the mo-

tion, if present. Section 105-2405 does not require the party who makes the motion for a continuance to call upon the opposing party to make the admission; the moving party has performed all that the law requires of him when he files his application for continuance in the proper form as prescribed by section 105-2404. It will be observed that section 105-2405 outlines the exact procedure to be followed to prevent or defeat a continuance by admissions. First, the application is tested as to its sufficiency; if insufficient it must be overruled; if sufficient the cause shall be continued; second, the opposite party to defeat the motion must then admit that the witness, if present, would testify to the facts set forth in the application. It would be an absurdity to require a party who seeks a continuance upon a proper and sufficient application to call upon the opposite party to take the steps set forth in the statute to defeat the continuance which the application seeks. The suggestion is novel but not alluring.

In the instant case, there was no objection to the form or sufficiency of the application for continuance or to the materiality of the evidence of witness Browning and it was filed with leave of the court. The appellant complied with the statute and he was entitled as a matter of right under section 105-2404 to a continuance. The statute regulating continuance because of absent witnesses is mandatory and when the application for continuance complies with the statute there is no room for the court to exercise any discretion. See Territory v. Torres, 16 N. M. 615 at page 622, 121 P. 27.

If the state desired to defeat the motion and prevent the continuance, it would proceed under section 105-2405. The state failing to do so, the court erred in not granting the continuance, and the judgment of the lower court is reversed and the case remanded for a new trial. It is so ordered.

WATSON, C. J., and SADLER, HUDSPETH, and BICKLEY, JJ., concur.