447 P.2d 674

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Joe Trujillo ROMERO, Defendant-Appellant.**

**No. 162.**

Court of Appeals of New Mexico.

July 8, 1968.

John F. McCarthy, Jr., Santa Fe, for appellant.

Boston E. Witt, Atty. Gen., Warren O. F. Harris, Donald W. Miller, Asst. Attys. Gen., Santa Fe, for appellee.

OPINION

WOOD, Judge.

Defendant was convicted of unlawful possession of a narcotic drug, (heroin) in violation of § 54–7–13, N.M.S.A.1953. His appeal contends: (1) The heroin was not admissible as evidence because of the manner in which it was obtained and (2) The issue of consent to search should have been submitted to the jury.

*The manner in which the heroin was obtained.*

The defendant was a passenger in a car which was stopped by the police. He was arrested for an offense not material to this appeal. While being arrested, defendant put a silverish colored object in his mouth. The police officers unsuccessfully attempted to prevent defendant from swallowing this object.

While defendant was being booked at the police station, officers noticed what appeared to be fresh hypodermic needle marks on his arm. Defendant was taken to the emergency room at the hospital where the object swallowed was vomited up. This was identified at his trial as a tin foil packet containing heroin.

Defendant contends the heroin was obtained from him in violation of various constitutional rights. He complains of the delay from the time of his arrest until he was taken to the hospital and asserts that the heroin was obtained as a result of an unlawful search not incident to his arrest. The maximum elapsed time from his arrest to arrival at the hospital is two hours ten minutes. However, defendant testified that after he was booked he was taken to the hospital "About 30 minutes later * * *."

Defendant asserts that at the hospital he was tied to a stretcher and given the choice of drinking a liquid to induce vomiting or

of having his stomach pumped out. He drank the liquid that induced vomiting. On this basis he contends the heroin was obtained in violation of due process and in violation of his privilege against self-incrimination.

The state's version is quite different. According to its evidence, defendant was taken to the hospital after the fresh needle marks were noticed. He voluntarily tried to vomit after stating "I will try. I have got nothing to hide. I will try. I will try and vomit it." According to the testimony of a detective and a nurse, after defendant failed to vomit (after sticking his fingers in his mouth) defendant consented to drink ipecac to induce vomiting and did so with the heroin being obtained as a result. The state's evidence denies that force or coercion in any form was used.

Defendant did not move to suppress any evidence; he did not object to any evidence received at his trial; he did not move to strike any evidence. His only motion came at the close of the defense case. At that time he moved to dismiss the charge on the basis that *defendant's evidence* showed that he took the ipecac " * * * against his will and not voluntarily * * *." At no time did the defense attack the admissibility of the state's evidence.

Thus, the question arises whether defendant has waived any claim as to the admissibility of the evidence concerning the heroin. See Boykin v. State, 172 Tex.Cr.R. 652, 362 S.W.2d 328 (1962); Perry v. State, 164 Tex.Cr.R. 122, 297 S.W.2d 187 (1957); Rasbury v. State, 303 P.2d 465 (Okl.Cr.App. 1956); People v. Kelsey, 140 Cal.App.2d 722, 295 P.2d 462 (1956). Compare State v. Soliz, 79 N.M. 263, 442 P.2d 575, decided June 10, 1968; State v. Tapia, 79 N.M. 344, 443 P.2d 514, decided June 28, 1968.

We do not decide whether any claim concerning admissibility of the state's evidence has been waived; rather, for this appeal, we assume that defendant's motion addressed to defendant's evidence sufficiently raised the question of the admissibility of the state's evidence concerning the heroin.

■ Various constitutional rights and privileges relied upon to exclude evidence secured by physicial examination of the defendant may be waived by consenting to the examination; where waived, the evidence is admissible. Anno. 25 A.L.R.2d 1407, 1413 and cases therein cited; compare King v. United States, 258 F.2d 754 (5th Cir. 1958); United States v. Michel, 158 F. Supp. 34 (D.C.1957). See Anno. 9 A.L.R. 3rd 858 (1966); see also Blefare v. United States, 362 F.2d 870 (9th Cir. 1966).

In denying defendant's motion, the trial court ruled that defendant's actions were not involuntary; in effect, that defendant consented to the procedures that produced the heroin.

At the time the heroin was produced, defendant had been arrested and was in custody. State v. Herring, 77 N.M. 232, 421 P.2d 767 (1966) states:

"Valid consent to search must be voluntary and with no duress or coercion, actual or implied. * * * The burden of proving voluntariness is on the state, * * * and that burden is particularly heavy when the accused is under arrest. * * * Although the fact that consent is given while in custody or under arrest is clearly a factor to consider, we do not believe that such a situation makes voluntary consent impossible. * * *"

See Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (June 3, 1968).

State v. Sneed, 76 N.M. 349, 414 P.2d 858 (1966) states:

"The question of whether consent has been given is a question of fact subject to the limitations of judicial review. * * Each case must stand or fall on its own special facts, and in the trial court's judgment of the credibility of the witnesses. * * *"

See State v. Aull, 78 N.M. 607, 435 P.2d 437 (1967).

 The circumstances of defendant's participation in the events that produced the heroin were presented to the trial court which judged the credibility of the witnesses. We decline to hold that the trial court was in error in ruling that defendant voluntarily participated in those procedures. State v. Sneed, supra. Rather, we hold that the state sustained its burden of proving defendant's valid consent. State v. Aull, supra; State v. Herring, supra.

*Should the issue of consent have been submitted to the jury?*

Defendant objected to the trial court's refusal to submit the issue of consent to the jury. Subsequently, counsel examined the court's proposed instructions. Counsel had no objection to these instructions, did not submit any requested instructions and agreed that "there is no record to be made on the instructions."

██ We do not decide whether it would have been proper to instruct the jury on the issue of defendant's consent. Since defendant did not submit a requested instruction on that subject, he cannot complain of the court's failure to instruct. Section 21-1-1(51) (2) (h), N.M.S.A.1953 (Supp. 1967). See State v. Gutierrez, 75 N.M. 580, 408 P.2d 503 (1965). Compare State v. Anaya, 79 N.M. 43, 439 P.2d 561 (Ct.App. 1968). We note that counsel on appeal did not represent defendant in the trial court.

The judgment and sentence are affirmed..

It is so ordered.

OMAN and ARMIJO, JJ., concur.