460 P.2d 62

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Sammy CARRILLO, Defendant-Appellant.**

**No. 366.**

Court of Appeals of New Mexico.

Sept. 19, 1969.

Certiorari Denied Oct. 22, 1969.

Joe A. Duran, Albuquerque, for appellant.

James A. Maloney, Atty. Gen., Justin Reid, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Judge.

Defendant was convicted of unlawful sale of narcotic drugs (heroin). The sale is not disputed. Defendant's appeal concerns the defense of entrapment. In connection with that defense, we discuss: (a) burden of proof; (b) testimony of an informer; (c) evidence of similar offenses; and, (d) completeness of the instructions.

State v. Sanchez, 79 N.M. 701, 448 P.2d 807 (Ct.App.1968) states:

"* * * A defendant can be said to have been entrapped only when the officers or agents originate the criminal intent or design and use undue persuasion or enticement to induce defendant to commit the crime with which he is charged. He has not been entrapped if the officers or agents merely offer him an opportunity to commit an offense which he is ready and willing to commit. * * *"

*Burden of proof.*

Entrapment is an affirmative defense. This defense does not, however, shift the burden of proof to the accused. "* * * When the defense is raised or asserted, the burden is upon the government to prove beyond a reasonable doubt that entrapment did not occur. * * *" Martinez v. United States, 373 F.2d 810 (10th Cir. 1967); Kadis v. United States, 373 F.2d 370 (1st Cir. 1967). This burden is neither less, nor greater "* * * than that traditionally carried by the prosecution in a criminal case. * * *" Notaro v. United States, 363 F.2d 169 (9th Cir. 1966), appeal after remand, 388 F.2d 680 (9th Cir. 1967). If the jury entertains a reasonable doubt on the issue of entrapment, it is not convinced beyond a reasonable doubt of defendant's guilt. See Notaro v. United States, supra.

*Testimony of an informer.*

Here, there was an issue concerning entrapment. The State had the burden of proving, beyond a reasonable doubt, that entrapment did not occur. Defendant's testimony would support a determination that he was entrapped. He asserts there is no evidence which conflicts with his testimony and that the trial court should have ruled, as a matter of law, that he was entrapped. Martinez v. United States, supra, states:

"* * * If the facts and circumstances of the case show conclusively that entrapment occurred, the trial judge has a duty to find that entrapment, as a matter of law, exists in the case. If the evidence in the case on the issue is conflicting, the issue of entrapment should be submitted to the jury. * * *"

Despite defendant's contention to the contrary, the testimony of the police in-

former who purchased the heroin presented a conflict on the issue of entrapment.

Defendant asserts the informer's testimony is unworthy of belief and the verdict of guilty, which necessarily found no entrapment, is against the weight of the evidence. These claims, concerning the credibility of the witness and the weight to be given his testimony, are matters to be determined by the jury. They are not to be determined by the appellate court. State v. McFerran, 80 N.M. 622, 459 P.2d 148 (Ct. App.) decided August 29, 1969. As to credibility of an informer, see United States v. Cooper, 321 F.2d 456 (6th Cir. 1963). We review the evidence only to determine if the verdict is supported by substantial evidence. State v. McFerran, supra. The verdict establishes that the jury believed the informer's testimony beyond a reasonable doubt. Thus, the State met its burden of proof.

#### Evidence of similar offenses.

Over defendant's objection, the informer was permitted to testify that defendant had sold heroin to the informer on at least three occasions other than the sale for which defendant was indicted. Defendant contends the testimony concerning these other sales was inadmissible. Generally, "* * * evidence of collateral offenses though similar in character is inadmissible in a criminal prosecution to establish a specific crime. * * *" State v. Minns, 80 N.M. 269, 454 P.2d 355 (Ct. App.1969).

There are exceptions to this rule. See State v. Velarde, 67 N.M. 224, 354 P.2d 522 (1960) and cases therein cited. One exception is in a narcotics case where the defense is entrapment. In such a case evidence of similar narcotics offenses bears on defendant's predisposition, or readiness and willingness, to commit the offense for which he is charged. Such offenses tend to show the state of mind of the accused. Robinson v. United States, 366 F.2d 575 (10th Cir. 1966), cert. denied 385 U.S. 1009, 87 S.Ct. 717, 17 L.Ed.2d 547 (1967);

United States v. Cooper, supra. Evidence of similar narcotics offenses is admissible on the issue of entrapment. The trial court did not err in admitting this evidence.

#### Completeness of the instructions.

The jury was instructed that the State had the burden of proving, beyond a reasonable doubt, that the sale had occurred. Defendant asserts the instruction is incomplete. He claims the instruction should also have told the jury that the State must prove beyond a reasonable doubt that entrapment did not occur. Defendant neither submitted any requested instruction nor objected to the instruction given. The asserted error has not been preserved for review. State v. McAfee, 78 N.M. 108, 428 P.2d 647 (1967); State v. Romero, 79 N.M. 649, 447 P.2d 674 (Ct. App.1968). However, as to the merits of this contention, see United States v. Cooper, supra.

The judgment and sentence are affirmed.

It is so ordered.

SPIESS, C. J., and HENDLEY, J., concur.