461 P.2d 919

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Robert E. CHAVEZ, Defendant-Appellant.**

**No. 337.**

Court of Appeals of New Mexico.

Nov. 7, 1969.

B. Leonard Levy, Albuquerque, for appellant.

James A. Maloney, Atty. Gen., Santa Fe, James V. Noble, Asst. Atty. Gen., for appellee.

OPINION

WOOD, Judge.

Defendant was convicted of robbery while armed with a deadly weapon. Section 40A–16–2, N.M.S.A.1953 (Repl.Vol. 6). His appeal questions the propriety of testimony concerning the giving of a polygraph examination and the examiner's opinion as to the result of the test. He contends the trial court erred in admitting this testimony.

Generally speaking, such evidence is not admissible. State v. Varos, 69 N.M. 19, 363 P.2d 629 (1961); State v. Trimble, 68 N.M. 406, 362 P.2d 788 (1961); People v. Nicholls, 42 Ill.2d 91, 245 N.E.2d 771 (1969); Holt v. State, 202 Kan. 759, 451 P.2d 221 (1969); Mullins v. Page, 443 P.2d 773 (Okl.Cr.App.1968); Watkins v. State, Tex.Cr.App., 438 S.W.2d 819 (1969); see State v. Freeland, 255 Iowa 1334, 125 N.W.2d 825 (1964).

Such evidence has been admitted when there is a sufficient stipulation as to admissibility. However, no claim is made that the stipulation was not sufficient in this case. It was in writing. It provided the results of the test were admissible, that the examiner was qualified and could give his opinion whether the defendant committed the offense. Defendant and his attorney signed the stipulation. The examiner was available for cross-examination and was cross-examined concerning his testimony on direct examination.

In such a situation it has been held that evidence concerning the test and its results is admissible over defendant's objection; State v. Chambers, 104 Ariz. 247, 451 P.2d 27 (1969); State v. Valdez, 91 Ariz. 274, 371 P.2d 894 (1962); State v. Galloway, Iowa, 167 N.W.2d 89 (1969).; State v. McNamara, 252 Iowa 19, 104 N.W.2d 568 (1960). See People v. Davis, Cal.App., 76 Cal.Rptr. 242 (1969); People v. Houser, 85 Cal.App.2d 686, 193 P.2d 937 (1948); compare Herman v. Eagle Star Insurance Co., 283 F.Supp. 33 (C.D. Cal.1966).

The result in the foregoing cases is con-trary to State v. Trimble, supra, where it is stated:

"* * * The [trial] court thereupon concluded that since the defendant had signed a waiver agreeing to be bound by the results of the test, the evidence of Hathaway was admissible [over objection]. We think the court was led into error. The signing of a waiver did not alter the rule with regard to the admissibility of Hathaway's evidence. * * *"

We agree with the State that the cases cited in connection with the foregoing quotation are doubtful support.[1] See Herman v. Eagle Star Insurance Co., supra. Nevertheless, the result is consistent with the reason for excluding testimony as to polygraph examinations and results generally—that the procedure has not gained general acceptance in the particular field in which it belongs. Further, the *Trimble* result is reaffirmed in State v. Varos, supra. The rule in New Mexico is that regardless of whether there is a stipulation, or regardless of the contents of the stipulation, evidence as to polygraph examinations and results is not admissible over objection.

Reaffirmation of the result in State v. Trimble, supra, does not, however, require a reversal in this case. Defendant did not object to testimony concerning the examination and the examiner's opinion as to the results of the examination. Without objection, the stipulation was read to the jury as part of the instructions. Defendant did move to dismiss the indictment at the close of the State's case on the ground "* * * that the lie detector test, * * * is certainly not reliable." It is not claimed that this motion presented a question as to the admissibility of the

evidence, as opposed to its quality. Compare State v. Romero, 79 N.M. 649, 447 P.2d 674 (Ct.App.1968). Defendant's appeal is presented on the basis that the contentions concerning admissibility of the polygraph test and results were not presented to nor ruled upon by the trial court. See State v. Sedillo, (Ct.App.), No. 347, decided October 31, 1969.

Defendant claims that even though no issue as to the admissibility of the evidence, now questioned, was presented to the trial court, we should reverse on the basis of State v. Varos, supra, and State v. Tapia, 75 N.M. 757, 411 P.2d 234 (1966).

In State v. Varos, supra, certain testimony was introduced as to a polygraph test. "* * * [T]he jury was given the impression that through the use of the machine the defendant was shown to have been lying. * * *" Because of the prejudicial effect of this evidence, the case was reversed although "* * * no proper objection was made by counsel for the defendant during the presentation of the doubtful testimony. * * *" The opinion states:

"* * * Where a case is as close as this one, we may consider errors in the record notwithstanding failure of counsel to properly save a question for review, but we do not want it implied that we will reverse a conviction which is manifestly correct * * *."

State v. Varos, supra, is not applicable. This case, in our opinion, is not a close one. The armed robbery was committed in daylight hours in the victim's home and took about twenty minutes. Throughout this time the victim was in the presence of the perpetrator. The victim identified defendant as that person. The cross-examination did not attack this identification. An officer testified that he took five photographs

---

1. Three cases are cited. Marks v. United States, 260 F.2d 377 (10th Cir. 1958), cert. denied 358 U.S. 929, 79 S.Ct. 315, 3 L.Ed.2d 302 (1959) did not involve a stipulation. In Colbert v. Commonwealth, 306 S.W.2d 825, 71 A.L.R.2d 442 (Ky. 1957) the stipulation involved was oral and there was no stipulation as to full admissibility. In Le Fevre v. State, 242 Wis. 416, 8 N.W.2d 288 (1943) the objection to admission of the test and results was made because the examiner was not available for cross-examination. See 1943 Wis.L.Rev. at 430.

to the victim's house for viewing; one of the defendant and four other photographs of subjects resembling defendant's physical description. The officer testified that on the basis of the photographs, the victim positively identified the defendant "right away."

In State v. Tapia, supra, one counsel was appointed to represent two defendants. The interests of the two defendants were conflicting. The conflict became obvious when the co-defendant's statements were offered and counsel failed to vigorously oppose their admission. With this conflict, the failure to appoint separate counsel to represent defendant constituted a denial of due process. In so holding, the opinion stated the trial judge had the duty to see the trial was conducted with solicitude for the essential rights of the defendant.

State v. Gomez, 75 N.M. 545, 408 P.2d 48 (1965) stated the appellate court is:

"* * * responsible to see that a person convicted of crime shall have a fair trial with a proper defense, and that no conviction shall stand because of the absence of either. * * *"

Thus, defendant contends the trial court failed to protect defendant's essential rights and that it is our responsibility to reverse because of this asserted failure. These contentions overlook the basis for the decision in *Tapia,* supra, and *Gomez,* supra. In *Tapia,* supra, defendant had, in effect, been denied counsel who represented his interests. In *Gomez,* supra, our Supreme Court was concerned with "* * * the very real possibility of a miscarriage of justice. * * *" That is not the situation here. Here there was no denial of counsel representing defendant's interests. Our review of the record does not show a real possibility of a miscarriage of justice.

What the record does show is that counsel knew the polygraph test and its results were inadmissible over objection, and that this was known prior to entering the stipulation. Yet, with this knowledge, defendant and his counsel sought the test, and agreed to the admissibility of the test results "freely and voluntarily." With knowledge of the inadmissibility, no objection was made to evidence concerning the test and the results. We see this as a trial tactic which, in hindsight, was unsuccessful. We do not see in this a failure of the trial court to protect defendant's rights, a denial of a fair trial, or a denial of due process. The admission of the evidence which could have been excluded was the decision of defendant and his counsel. Compare State v. Chambers, supra.

The judgment and sentence are affirmed.

It is so ordered.

OMAN and HENDLEY, JJ., concur.