478 P.2d 566

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Robert E. CHAVEZ, Defendant-Appellant.**

**No. 510.**

Court of Appeals of New Mexico.

Dec. 18, 1970.

Wycliffe V. Butler, Butler & Colberg, Albuquerque, for appellant.

James A. Maloney, Atty. Gen.; Santa Fe, John A. Darden, Asst. Atty. Gen., for appellee.

## OPINION

OMAN, Judge.

Defendant's conviction of armed robbery was affirmed in State v. Chavez, 80 N.M.

786, 461 P.2d 919 (Ct.App.1969). He is here now on appeal from an order denying his motion for post-conviction relief without an evidentiary hearing thereon having been granted. We affirm.

His contention is the admission into evidence at his trial of testimony concerning a polygraph examination, and the examiner's opinion as to the results of the same, violated his constitutional rights against self-incrimination. He argues he was not given the Miranda warnings, and did not intelligently and voluntarily waive his right against self-incrimination after having full and complete knowledge of all the facts. He must fail in this argument because:

First, the voluntary submission by him to the examination, which was conducted at his request, without first being given the Miranda warnings and without knowing all that would be asked of him, his responses thereto, and the results of the examination, is not to be equated with self-incrimination, nor is the examiner's interpretation of the results of such examination to be equated with an interpretation from one language into another of self-incriminating statements. We reject his argument that the interpretation of the results of the test by the examiner is comparable to an interpretation by a linguist of statements from one language into another. The capacity for accuracy in interpretations from one language to another is universally understood and accepted. Whereas, the reliability of polygraph examinations is so doubtful " * * * that the procedure has not gained general acceptance in the particular field in which it belongs * * *", and evidence relative to such examinations and their results is not admissible over objection. State v. Chavez, supra. This doubt as to reliability goes to the validity of both the observable results of such examinations and the interpretation of these results by the examiner. State v. Trimble, 68 N.M. 406, 362 P.2d 788 (1961); State v. Lowry, 163 Kan. 622, 185 P.2d 147 (1947); Boeche v. State, 151 Neb. 368, 37 N.W.2d 593 (1949); Henderson v. State, 94 Okl.Crim. 45, 230 P.2d 495, 23 A.L.R.2d 1292 (1951).

Secondly, the waiver here involved was not accomplished until the testimony as to the examination and its results, and the interpretation of these results by the examiner in the form of an opinion, were offered into evidence without objection. Prior thereto defendant had sought the test and had freely and voluntarily agreed that the results thereof, and their interpretation by the examiner, would be admissible as evidence. Then, with full knowledge that all evidence as to the test, including the results and interpretation thereof by the examiner, could still be kept from the jury by objecting thereto, no objection was made. State v. Chavez, supra. Defendant thereupon waived all rights he had to the introduction into evidence of the matters he now claims were self-incriminating. State v. Smith, 80 N.M. 126, 452 P.2d 195 (Ct.App.1969); People v. Hicks, 44 Ill. App.2d 550, 256 N.E.2d 823 (1970); Commonwealth v. Nash, 436 Pa. 519, 261 A.2d 314 (1970); People v. Jefferson, 18 Mich. App. 9, 170 N.W.2d 476 (1969).

None of the authorities relied upon by defendant require or even suggest, under facts such as are here present, a result different from that we reach.

The order denying the motion should be affirmed.

It is so ordered.

WOOD and HENDLEY, JJ., concur.