**Robert E. CHAVEZ, Appellant,**

v.

**STATE OF NEW MEXICO, Appellee.**

**No. 71–1432.**

United States Court of Appeals, Tenth Circuit.

March 10, 1972.

Wycliffe V. Butler, of Butler & Colberg, Albuquerque, N. M., for appellant.

Joseph F. Baca, Special Asst. Atty. Gen. (David Norvell, Atty. Gen., with him on the brief), for appellee.

Before MURRAH, SETH and BARRETT, Circuit Judges.

PER CURIAM.

This is an appeal from an order dismissing appellant's petition for a writ of habeas corpus.

Appellant was convicted of armed robbery in the New Mexico courts and took an appeal. Before trial the appellant wanted to take a polygraph test, and upon stipulation that the results would be admissible, a test was conducted. The results were adverse and were admitted at his trial without objection. Appellant now maintains that the evidence was nevertheless inadmissible and that his rights under Miranda were not knowingly waived in view of the fact that the stipulation was made before the appellant was aware of the results of the test.

■ The rule in New Mexico is clear: the results of a polygraph test are not admissible over objection. State v. Trimble, 68 N.M. 406, 362 P.2d 788 (1961). However, no objection was here made. See this appellant's appeal, State v. Chavez, 80 N.M. 786, 461 P.2d 919 (1969).

■ Appellant urges, however, that he has been denied his constitutional right against self-incrimination because the test results were admitted without the appellant having been informed of his rights under Miranda. We however do not decide whether any warning was

required in regard to the polygraph test, but in any event considering the sequence of events, waiver did not become pertinent until the appellant failed to object to admissibility upon the introduction of the evidence. Then a failure to make a proper and timely objection to this evidence now claimed to be objectionable would under these facts constitute a waiver. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694; Moreland v. United States, 270 F.2d 887 (10th Cir.). Appellant cannot be heard to complain now.

Affirmed.