496 P.2d 738

STATE of New Mexico, Plaintiff-Appellee,

v.

Jesse SIBOLD, Defendant-Appellant.

No. 778.

Court of Appeals of New Mexico.

April 14, 1972.

Louis G. Stewart, Jr., Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Santa Fe, Prentis Reid Griffith, Jr., Asst. Atty. Gen., for plaintiff-appellee.

OPINION

COWAN, Judge.

The defendant was convicted on two counts of misappropriation of money by means of fraudulent conduct, practices or representations, contrary to § 40A–16–6, N.M.S.A.1953 [Repl.Vol. 6]. His appeal raises the issues of failure to grant a continuance and the admission into evidence of a prior felony conviction. We reverse.

On Tuesday, March 30, 1971, the day of trial, the defendant orally moved for a continuance because of the absence of a material witness. His motion was later reduced to writing in compliance with §§ 21–8–10 and 21–8–11, N.M.S.A.1953 [Repl.Vol. 4], which provide the basis for a continuance because of absence of evidence.

The witness, Jack Holst, resided in Colorado. The events preceding the defendant's motion for continuance are set out in the supporting affidavit of his attorney, as follows:

"3. That affiant has exercised due diligence in attempting to produce the witness, Jack Holst as is more fully described below.  (a) That he has complied

with the provisions of the statute compelling the attendence [sic] and testimony of out-of-state witness by seeking and having granted on order by this court requesting the attendance of Jack Holst. Said order was sent to the Sheriff of Pitkin County, Colorado wherein Aspen is located. That the order could not be served upon Mr. Holst until March 23, 1971, because he was outside this [sic] State of Colorado and returned only a day or so before that.

(b) Upon service thereof Mr. Holst called District Judge Charles Stewart, Pitkin County, advising him he could not travel to New Mexico because his wife was critically ill with a terminal disease and needed constant attention and Mr. Holst was required to transport her back and forth to the hospital. Judge Stewart then called affiant and advised me of said circumstances, stating he was inclined not to enter an order requiring Holst's attendance.

(c) Affiant then called Judge Zinn orally requesting a continuance, or taking of testimony by deposition which was denied. Affiant then called Judge Stewart again informing him of the problem. Judge Stewart agreed to talk to Jack Holst, which he did. Affiant was informed by Judge Stewart that Holst would appear and testify in Gallup, New Mexico and an order would be entered to that effect.

(d) Affiant again called Jack Holst who confirmed this stating he would appear Wednesday, March 31, 1971, as is further explained by a letter attached hereto and made a part hereof.

(e) Pm [sic] Tuesday, March 30, 1971, a call was received at the District Court Clerk's office, Gallup requesting to talk to affiant while the trial was already in session. Affiant was given the message about 10 A.M. and immediately returned the call, which was to Mr. Jack Holst, Aspen, Colorado.

(f) Mr. Holst advised affiant that his plans had been changed because he would have to take his wife to the hospital for emergency treatment sometime Tuesday, and therefore would not be available Wednesday to testify. He advised he would be able to appear and testify late Thursday, April 1 or Friday April 2, 1971, and would definitely appear on either date on my instructions. During the course of the phone call I interrupted it to discuss the problem with Judge Zinn, requesting a continuance until Thursday or Friday, it was denied. I then advised Mr. Holst to stand by for further instructions. Affiant has reasonable grounds to believe that Jack Holst would appear to testify April 1st or 2nd, 1971 as he indicated. He has been extremely cooperative throughout in his time of stress, and his testimony could therefore be procured for said time.

"4. That the facts to which Jack Holst would testify are material and essential to the defense and these facts affiant believes to be true, and that he knows of no other witness who could testify thereto."

The trial court, concerned with the condition of the jury docket and the fact that the case had been postponed three times previously, overruled the motion. It is noted, however, that only one of the postponements was at the request of the defendant.

Section 21–8–11, supra, states:

"If the application for continuance is insufficient it shall be overruled; if held sufficient the cause shall be continued, unless the opposite party will admit that the witness, if present, would testify to the facts therein stated, in which event the cause shall not be continued, but the party may read as evidence of such witness the facts held by the court to be properly stated."

There was no objection to the sufficiency of the motion for continuance or its supporting affidavit. Compare Territory v. Kinney, 3 N.M. (Gild) 656, 9 P. 599 (1886). The state did not seek to prevent

a continuance by an admission that the witness, if present, would testify to the facts stated in the application for continuance as provided by § 21–8–11, supra. Under these circumstances the defendant was entitled to a continuance as a matter of right and there was no room for the court to exercise any discretion. Its failure to grant a continuance was error. State v. Gallegos, 46 N.M. 387, 129 P.2d 634 (1942); State v. Riddel, 37 N.M. 148, 19 P.2d 751 (1933).

■ This opinion is restricted to the facts peculiar to this case. It is not intended to nor does it preclude or restrict the exercise of the court's discretion in cases in which the sufficiency of the application is in question or where the motion for a continuance is not in statutory form. In such cases the granting or denial of a motion for continuance rests in the sound discretion of the trial court and will be disturbed only upon a clear showing of an abuse of that discretion. State v. Ranne, 80 N.M. 188, 453 P.2d 209 (Ct.App.1969).

■ The defendant has also raised the issue of the propriety of his being questioned by the state concerning a prior felony conviction. By objection, the defendant invoked the court's determination as to whether the probative value of the evidence outweighed the prejudice necessarily resulting to the defendant.

"The only purpose of such cross-examination is to test the witness's credibility. We have long realized its tendency to prejudice the defendant. Because of this tendency it is the trial court's responsibility to determine when cross-examination should be limited because the legitimate probative value on the credibility of the accused is outweighed by its illegitimate tendency, effect or purpose to prejudice him. State v. Holden, 45 N.M. 147, 113 P.2d 171 (1941). The primary responsibility is on the trial court to make this determination. State v. Williams, 76 N.M. 578, 417 P.2d 62 (1966). The trial court must exercise its discretion and having done so, that discretion

in making this determination will not be disturbed on appeal, unless the appellate court can say the trial judge's action was erroneous, arbitrary and unwarranted. State v. Williams, supra; State v. Holden, supra." State v. Coca, 80 N.M. 95, 451 P.2d 999 (Ct.App.1969).

The court erroneously took the position that, under the terms of § 20–2–3, N.M.S. A.1953 [Repl.Vol. 4], it lacked discretion to limit such cross-examination and that evidence of the prior conviction was admissible without regard to its probative value. We do not decide whether the evidence should have been admitted but we do hold that the court erred in failing to exercise the discretion required of it by the defendant's objection.

The judgment is reversed and the case remanded with instructions to grant the defendant a new trial.

It is so ordered.

HENDLEY and SUTIN, JJ., concur.