**STATE of Iowa, Appellee,**

v.

**James Henry YORK, Appellant.**

**No. 54572.**

Supreme Court of Iowa.

Oct. 17, 1973.

with the crime of receiving and concealing stolen property of the value of more than $20 knowing the same to have been stolen contrary to section 712.1, The Code. He appeals from judgment following a jury verdict convicting him of the crime charged.

The property involved was a 20-inch Admiral color TV in a tannish-colored cabinet owned by Gladys Kuefner. Miss Kuefner had purchased the TV set in 1967 for approximately $400 from Orin Daniels, a merchant in Grimes. She kept the set in the living room of her home, Route 1, Des Moines.

April 15, 1970, the day of the burglary, Miss Kuefner had left for work at approximately 7:45 a. m., locking the house. She returned home some time after 4:30 p. m. About an hour later she noticed her color TV set was missing. Upon examination she found that someone had gained entry into her house by use of a skeleton key. About 6 p. m. she telephoned the Urbandale police and reported the burglary.

Around 2 o'clock in the afternoon of April 15, Harold Strasburg, a Polk County deputy sheriff, and David Hebrank, a state conservation officer, were on their way to the West Des Moines police department in a police car. In the neighborhood of 63rd and Grand a tan Roadrunner passed the officers at a "pretty good rate of speed." Strasburg recognized the driver as James York.

The officers followed the York car a short distance before stopping it at 56th Street. Strasburg asked York for his driver's license which defendant produced. The officer noticed a 20-inch Admiral color TV set, tan or brown in color, sitting on the back seat of the York car. The deputy had York step out of the car and asked if he had any objections to his taking the serial number off the TV set. York responded he had no objections.

With the aid of Hebrank the serial number on the TV set was written down by

Stanford L. Trumbower, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Raymond W. Sullins, Asst. Atty. Gen., Ray A. Fenton, County Atty., for appellee.

Submitted to MOORE, C. J., and MASON, RAWLINGS, LeGRAND and UHLENHOPP, JJ.

MASON, Justice.

A Polk County grand jury returned an indictment charging James Henry York

Strasburg; the number taken down was 15009073. Strasburg inquired of York where he had gotten the TV set; York replied he had bought it six months before at Pidgeons' and was taking it out to be repaired.

Strasburg then asked York's permission to look in the trunk of the car. Defendant said it would be all right and cooperated by opening up the trunk. Two shotguns and a rifle, fully assembled and not cased, which York claimed he had purchased from a friend were in the trunk.

York was not placed under arrest; indeed, Strasburg had no information at this time the TV set had been stolen. The weapons were confiscated at the time and taken by the officers to the West Des Moines police station.

Between 6 and 8 o'clock the same evening while Strasburg and Hebrank were still working together, they received a call from the sheriff's dispatcher's office informing them of the alleged theft of the TV from Miss Kuefner's home. The officers then drove out to Grimes and talked to Daniels. Upon discovering that the serial number of the television set stolen from Miss Kuefner's and the set observed in York's car earlier in the day were identical, the officers proceeded to York's residence.

The officers had a conversation with York during which the deputy asked York what he had done with the TV set. York said he knew the set was "hot" and got rid of it. During the conversation at the house Strasburg advised York the TV set was stolen. York admitted he had bought the set and the guns that afternoon from a person named Bush or Busch outside a tavern on East Grand for $150. York accompanied the officers to the tavern mentioned but they were unable to find Busch. The three checked other taverns in that neighborhood for approximately two and a half hours but were unable to locate a Donald Busch.

Strasburg then returned Hebrank to the jail and took York to his home. The next day he obtained a warrant for York's arrest.

Testimony recounting the foregoing facts in reference to the stopping of the York automobile by the officers, the taking of the serial number from the TV set in the back of defendant's car and the seizure of the guns from the trunk was admitted into evidence without any objection being urged by defense counsel. Various exhibits including the three guns were also admitted into evidence without objection. The TV set was not offered in evidence because it was not in the State's possession. York testified on direct examination he had taken the set back to Busch after being stopped by the officers because he felt there was something wrong and had received a part of his money in return.

The record does not disclose that any pretrial motions were presented to the court by defense counsel; apparently, none were filed nor argued prior to trial.

At the close of the State's evidence defense counsel moved for directed verdict on the ground the State had failed to produce sufficient evidence to generate a jury question as to defendant's knowledge that the TV set in question was stolen. The motion was overruled. At the close of all evidence defense counsel renewed his motion upon the same grounds as urged at the close of the State's evidence. The motion was again overruled and the matter submitted to the jury.

I. Defendant relies upon one error for reversal in which he contends the trial court erred in allowing testimony concerning the presence of the TV set or its serial number which was seen in the back of the car driven by York and any other fruits of the search. He maintains the search was illegal and violated his constitutional rights under amendment 4 of the federal constitution and the trial court on its own motion should have disallowed the introduction

into evidence testimony concerning any property found in his car.

Defendant's brief point under this assignment, the authorities cited and his written argument are directed to the contention that a warrantless search without probable cause is illegal and in violation of defendant's rights under amendment 4 and evidence seized in violation of his constitutional rights is inadmissible.

As pointed out defendant makes this argument in face of the record that at no time did he make any objections to the admission of the exhibits referred to nor was any objection made to oral testimony in regard to the search and seizure which he now alleges was illegal.

Defendant's assignment presents two questions: (1) whether absence of a timely objection is a waiver of a right to suppress evidence as well as a waiver of the right to strike such evidence; and (2) whether the trial court had the duty to exclude this particular evidence on its own motion.

The Supreme Court has held that a general objection "is insufficient to preserve such a specific claim as violation of a constitutional provision in obtaining the evidence." On Lee v. United States, 343 U.S. 747, 749–750, n. 3, 72 S.Ct. 967, 970, 96 L. Ed. 1270, 1273–1274. In the case before us even a general objection was not made, much less a specific objection, to a violation of a constitutional right.

■■■ Ordinarily, in the absence of a showing of good cause, failure of defendant's trial counsel to object to admission of evidence or failure to assert a known or existing right including those involving constitutional questions waives any ground of complaint as to the admission of the evidence and any claim of error in regard thereto may not be raised for the first time on appeal. State v. Wisniewski, 171 N.W. 2d 882, 886–887 (Iowa 1969). See also Ignacio v. People of Territory of Guam, 413 F.2d 513, 517 (9 Cir. 1969); United States v. Lazarus, 425 F.2d 638, 642 (9 Cir.

1970); United States v. Fuentes, 432 F.2d 405, 409 (5 Cir. 1970), cert. den., 401 U.S. 919, 91 S.Ct. 904, 27 L.Ed. 822; and Chavez v. New Mexico, 456 F.2d 1072, 1073 (10 Cir. 1972).

The following principle is stated in State v. Schurman, 205 N.W.2d 732, 735 (Iowa 1973):

"Relevant evidence admitted without proper objection, and not excluded upon a motion to strike, has the same effect as though it were admissible, even though it might have been excluded under the rules of evidence.

"The following principle of law pertinent here is stated in McCormick on Evidence, (Second Ed.) section 54 in this fashion:

" ' * * * [A] failure to make a sufficient objection to evidence which is incompetent waives any ground of complaint as to the admission of the evidence. But it has another effect, equally important. If the evidence is received without objection, it becomes part of the evidence in the case, and is usable as proof to the extent of the rational persuasive power it may have. The fact that it was inadmissible does not prevent its use as proof so far as it has probative value. The incompetent evidence, unobjected to, may be relied on in argument, and alone or in part may support a verdict or finding. This principle is almost universally accepted, and it applies to any ground of incompetency under the exclusionary rules.' "

II. In regard to the second question presented this statement from McCormick on Evidence, (Second Ed.) section 55 is relevant:

"A party's failure to object usually waives the objection and precludes the party from complaining if the evidence is let in. But the failure by the party does not of itself preclude the trial judge from excluding the evidence on his own motion if the witness is disqualified for want of capacity or the evidence is incompetent, and

he considers that the interests of justice require the exclusion of the testimony."

■ This court has recognized what appears to be the generally accepted rule that "courts have a considerable latitude in excluding offered evidence that is objectionable, even in the absence of any objection or if there is a proper ground which is not stated. * * * [citing authority]." Bash v. Hade, 245 Iowa 332, 341, 62 N.W.2d 180, 186. This is also true of the court's power to strike evidence it deems erroneously admitted. State v. Shimon, 182 N.W.2d 113, 115 (Iowa 1970).

Although a trial judge does have power, in the exercise of sound discretion, to exclude or withdraw incompetent evidence after its admission, even in the absence of a timely and proper objection by the opponent, it is not ordinarily the duty of the court on its own initiative to exclude such evidence or to interpose an objection to a question. There must first be a good reason for the exclusion.

■ In the present case defendant now relies on the manner in which the serial number of the television set and the guns were obtained as being a violation of his constitutional rights. It must be conceded no search warrant was involved; the search was not made incident to a lawful arrest; and there was no existence of exigent circumstances to relieve the officers from the obligation to obtain a warrant. Under these facts exclusion is thus dependent upon an informed and voluntary consent by York to the conduct of the officers in obtaining the evidence involved. See State v. Jackson, 210 N.W.2d 537 (Iowa, filed Sept. 19, 1973), particularly division I of that opinion.

Under the record the trial court did not abuse its discretion in failing to exclude or strike the evidence now challenged. A good reason for exclusion of the evidence did not appear in the absence of an objection or motion calling the court's attention to the particular defect claimed. On Lee

v. United States, 343 U.S. at 749–750 n. 3, 72 S.Ct. at 970, 96 L.Ed. at 1273–1274.

Defendant is precluded from claiming violation of his constitutional rights as guaranteed by amendments 4 and 14 of the United States Constitution in the respects now urged.

III. Miss Kuefner testified that at the time of trial she valued the television at approximately $300. She further testified she had not given anyone permission to enter her home or to remove the TV set and specifically that she did not know James York and had never given him permission to keep the TV in his possession.

We wish to point out that counsel representing defendant on this appeal was not trial counsel.

Finding no error the case is therefore—Affirmed.