526 P.2d 1091

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Tomas LUCERO, Defendant-Appellant.**

**No. 9873.**

Supreme Court of New Mexico.

Sept. 20, 1974.

Larry N. Smith, Santa Fe, for defendant-appellant.

David L. Norvell, Atty. Gen., Santa Fe, Prentis Reid Griffith, Jr., Special Asst. Atty. Gen., for plaintiff-appellee.

## OPINION

ZINN, District Judge.

Tomas Lucero, appellant, was convicted of first degree murder on July 27, 1972. On August 15, 1972, he was sentenced to life imprisonment.

He asks that his conviction be reversed, that his sentence be set aside and that he be granted a new trial.

Reversal is sought on several grounds. The absence of a material witness is the one upon which appellant chiefly relies.

The conviction is reversed and the judgment and sentence is set aside, with directions that a new trial be granted appellant.

The ground for our reversal is the failure of the trial court to grant the continuance sought by appellant for lack of an important material witness. The only person alive who witnessed the events out of which the prosecution arose, other than the defendant, was his thirteen-year-old daughter. This child was residing in Indiana at the time of trial. Counsel for defendant initiated action under the provisions of § 41–12–13 et seq., N.M.S.A.1953, relating to securing the attendance of witnesses from other states, and the Indiana court issued its subpoena. The subpoena was apparently received by the witness on July 16, 1972, but she did not appear in response. The motion to dismiss or to vacate the trial setting for lack of the witness was filed on July 24, 1972, the day the trial commenced. The trial judge denied the motion on a tentative basis on the opening day of the trial. A jury was selected and the actual trial begun the following day. The matter of the absent witness was raised intermittently throughout the trial by defense counsel. During the presentation of the prosecution testimony, the court refused to let defense counsel cross-examine a police officer about information that he had obtained from the absent witness, noting that it was hearsay and not mentioned on direct testimony.

The court considered the problem of the absent witness at some length, then permitted the police officer who interviewed the daughter to testify. It consisted of summaries from a report that he had written following his interview with the child. The court, before and after the officer's testimony was received, advised the jury that it was a very unusual procedure.

■ The motion for continuance and the affidavit made as a part of it complied substantially with the requirements of § 21–8–10, N.M.S.A.1953. This was a trial rule subsequently repealed but applicable to this case. The court made no ruling indicating any insufficiency of the application for continuance. There was no action taken by the prosecution as allowed under § 21–8–11, N.M.S.A.1953, to obviate the continuance by admitting the facts stated in the affidavit to be the substance of the witness' proposed testimony, to allow it to be considered by the jury. The net result of these omissions places the matter squarely within the rulings of State v. Sibold, 83 N.M. 678, 496 P.2d 738 (Ct.App. 1972); State v. Gallegos, 46 N.M. 387, 129 P.2d 634 (1942); State v. Riddel, 37 N.M. 148, 19 P.2d 751 (1933). The court had no discretion to exercise in this situation. The continuance was a matter of right, and the failure to grant it was error, requiring reversal.

Appellant raises other points for reversal. Those challenging a failure to instruct on defense of habitation and the offense of manslaughter cannot be answered except by speculating as to what the testimony of the absent witness would be. This we cannot do.

A question of cumulative error was raised. In view of the reversal, this need not be answered.

Appellant claims error in the court allowing him but five peremptory challenges to jurors. He contends twelve was the proper allowance for the crime of first de-

gree murder under Rule of Criminal Procedure 39(d)(1)(i) [§ 41–23–39(d)(1)(i), N.M.S.A.1953 (Supp.1973)].

■■ The Rules of Criminal Procedure were not applicable to the trial of cases initiated before their effective date, July 1, 1972. The provisions of § 41–10–3, N.M.S.A.1953, apply to this case. That rule limits peremptory jury challenges to five for defendants in cases not punishable by death. The crime of which appellant was accused occurred during that hiatus in the laws of this state when capital punishment did not obtain for this crime.

■ Complaint is made of a failure to supply the appellant's counsel with a copy of the testimony before the grand jury. This denial was correct in the absence of a showing of a particularized need, the basis for such a motion at that time. State v. Tackett, 78 N.M. 450, 432 P.2d 415 (1967). If raised by appellant upon a new trial, this will need to be evaluated by the trial judge in light of the current decisions on this point. See State v. Felter, 85 N.M. 619, 515 P.2d 138 (1973); State v. Vigil, 85 N.M. 735, 516 P.2d 1118 (1973); State v. Baca, 85 N.M. 55, 508 P.2d 1352 (Ct.App. 1973).

A further point relates to the refusal to hear testimony of a polygraph examiner who had administered a test to appellant to aid in evaluating his capacity to stand trial and his defense of exculpable insanity.

The testimony was offered in conjunction with the testimony of the psychologist who testified to the court on the issue of the appellant's present capacity to be tried. The court heard the testimony as a tender, then rejected it. This tender of the polygraph examiner's testimony came as a part of the hearing before the court without a jury.

Objection was made to the testimony before the tender by the prosecution. The tender included questions of the witness as to his personal education, training and ex-

perience in the field. He described the operation of the polygraph in general. He related the questioning of the defendant and demonstrated the responses as they appeared on the test chart. He expressed his interpretation of the test response to certain questions.

No questions were asked of the witness as to his view of the reliability of the test procedure in general or as to the validity of his results on the appellant. There was no attempt made by defense counsel to offer the polygraph operator's testimony to the jury at the trial which followed.

■■ The failure to accept the testimony of the polygraph test was not error. This court has held to the rule which admits polygraph test results when each of these requirements are met: 1. The tests were stipulated to by both parties to the case; 2. When no objection is offered at trial; 3. When the court has evidence of the qualifications of the polygraph operator to establish his expertise; 4. Testimony to establish the reliability of the testing procedure employed as approved by the authorities in the field; and 5. The validity of the tests made on the subject. State v. Chavez, 82 N.M. 238, 478 P.2d 566 (Ct. App.1970); State v. Chavez, 80 N.M. 786, 461 P.2d 919 (Ct.App.1969); Chavez v. State, 456 F.2d 1072 (10th Cir. 1972); State v. Varos, 69 N.M. 19, 363 P.2d 629 (1961); State v. Trimble, 68 N.M. 406, 362 P.2d 788 (1961).

To the extent that the opinions in State v. Alderete, 86 N.M. 176, 521 P.2d 138 (Ct.App.1974), depart from this rule, they are hereby overruled.

The conviction and sentence is reversed. The cause is remanded with instructions to vacate the conviction, judgment and sentence and to grant the defendant a new trial.

It is so ordered.

McMANUS, C. J., and MONTOYA, J., concur.