539 P.2d 204
STATE of New Mexico, Petitioner,
v.
Sammy T. DORSEY, Respondent.
No. 10361.

Supreme Court of New Mexico.
July 31, 1975.

Toney Anaya, Atty. Gen., Ralph W. Muxlow, II, Asst. Atty. Gen., Santa Fe, for petitioner.

Chester H. Walter, Jr., Chief Public Defender, Bruce L. Herr, Appellate Defender, Don Klein, Jr., Associate Appellate Defender, Santa Fe, for respondent.

OPINION

OMAN, Justice.

This case is before us upon a writ of certiorari directed to the New Mexico Court of Appeals, which reversed the judgment and sentence of the district court and remanded with instructions to grant defendant a new trial. *State v. Dorsey,* 87 N.M. 323, 532 P.2d 912 (Ct.App.1975). We affirm the decision of the Court of Appeals. However, we do so for slightly different reasons, and hereby overrule prior decisions of this Court and the Court of Appeals to the extent hereinafter stated.

The Court of Appeals had previously disagreed with our prior decisions concerning the admissibility into evidence of the results of polygraph tests. *State v. Alderete,* 86 N.M. 176, 521 P.2d 138 (Ct.App. 1974). The decisions of the Court of Appeals in Alderete were overruled by us, insofar as they departed from the earlier decisions of this Court announcing and affirming the requirements for the admissibility into evidence of polygraph tests. *State v. Lucero,* 86 N.M. 686, 526 P.2d 1091 (1974). As observed by the Court of Appeals in *State v. Dorsey, supra,* that court was bound by the Lucero decision. *Alexander v. Delgado,* 84 N.M. 717, 507 P.2d 778 (1973).

The inadmissibility into evidence of polygraph tests over objection was first announced by us in *State v. Trimble,* 68 N.M. 406, 362 P.2d 788 (1961). Our rule of inadmissibility, except when the following requirements are met, was reaffirmed and reasserted as follows in *State v. Lucero, supra:*

"1. The tests were stipulated to by both parties to the case; 2. When no objec-

tion is offered at trial; 3. When the court has evidence of the qualifications of the polygraph operator to establish his expertise; 4. Testimony to establish the reliability of the testing procedure employed as approved by the authorities in the field; and 5. The validity of the tests made on the subject. \* \* \*"

As pointed out by the Court of Appeals in *State v. Dorsey, supra,* the district court, in unchallenged findings of fact, held that requirements 3, 4 and 5 had been clearly satisfied. We add that the parties in fact so stipulated, and these findings and the decision of the Court of Appeals concerning them have not been challenged in these proceedings before us. Consequently, as did the Court of Appeals, we confine ourselves to a consideration of the validity of requirements 1 and 2. We agree that these two requirements are:

(1) Mechanistic in nature;

(2) Inconsistent with the concept of due process;

(3) Repugnant to the announced purpose and construction of the New Mexico Rules of Evidence [§§ 20–4–101 to 1102, N.M.S. A.1953 (Repl.Vol. 4, Supp.1973)], that:

"These rules shall be construed to secure fairness in administration \* \* \* and promotion of growth and development of the law of evidence to the end that the truth may be ascertained and proceedings justly determined"; and

(4) Particularly incompatible with the purposes and scope of Rules 401, 402, 702 and 703 of the New Mexico Rules of Evidence [§§ 20–4–401, 402, 702 and 703, N. M.S.A.1953 (Repl.Vol. 4, Supp.1973)].

Insofar as it requires a stipulation by the parties to a polygraph test or the absence of objection thereto at trial before the results of such a test may be received into evidence, our opinion in *State v. Lucero, supra,* is hereby overruled, as are all other opinions of this Court and Court of Appeals to this effect.

The reversal of the district court judgment and the remand of this cause for a new trial, as ordered by the Court of Appeals, should be affirmed. It is so ordered.

McMANUS, C. J., and STEPHENSON, MONTOYA and SOSA, JJ., concur.