439 P.2d 240

STATE of New Mexico, Plaintiff-Appellee,

v.

Kris ENCEE, Defendant-Appellant.

No. 101.

Court of Appeals of New Mexico.

March 15, 1968.

Robert L. Christensen, Albuquerque, for appellant.

Boston E. Witt, Atty. Gen., Paul J. Lacy, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Judge.

Convicted of armed robbery, defendant appeals. She contends that the trial court erred in refusing to reduce the charge of "armed robbery" to "robbery." In support of this contention she asserts that the object she held while committing the robbery was not positively identified as a deadly weapon.

Robbery is a third degree felony; robbery while armed with a deadly weapon is a second degree felony. Section 40A–16–2, N.M.S.A. 1953. A firearm, whether loaded or unloaded, is one of the meanings of "deadly weapon." Section 40A–1–13(B), N.M.S.A. 1953.

There is evidence that prior to the robbery, defendant possessed a .22 caliber black automatic with a small barrel. The victim testified that defendant had a small gun in her hand. The victim saw the barrel, which was black; she did not see the handle. On cross-examination, the victim conceded the possibility that what the defendant held might have been something other than a gun or might have been a realistic toy gun. On redirect, the victim said, "it looked like a gun to me."

It was for the jury to resolve any conflicts in the victim's testimony and determine its credibility. Tapia v. Panhandle Steel Erectors Co., 78 N.M. 86, 428 P.2d 625 (1967). It did so and determined that defendant had a gun when she committed the robbery.

On appeal, we examine the evidence to determine whether the verdict is supported by substantial evidence. In so doing, we view the evidence in the light most favorable to the State. State v. Crouch, 75 N.M. 533, 407 P.2d 671 (1965). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Tapia v. Panhandle Steel Erectors Co., supra.

Viewing the evidence in the light most favorable to the State, there is substantial evidence that defendant committed the robbery while armed with a gun. The trial court did not err in denying the motion to dismiss the armed robbery charge.

The judgment and sentence is affirmed. It is so ordered.

OMAN and ARMIJO, JJ., concur.