444 P.2d 1000

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Jay W. EWING, Defendant-Appellant.**

**No. 204.**

Court of Appeals of New Mexico.
Aug. 30, 1968.

**490**

L. J. Maveety, Las Cruces, for appellant.

Boston E. Witt, Atty. Gen., Donald W. Miller, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Judge.

Convicted of murder in the second degree, defendant appeals. He contends evidence as to cause of the victim's death was uncertain and vague and that the trial court erred in submitting the case to the jury. Thus, defendant asserts a lack of substantial evidence as to the cause of death.

We assume, but do not decide, that this question was raised in the trial court and is before us for review. However, see State v. Lee, 78 N.M. 421, 432 P.2d 265 (Ct.App.1967) and cases therein cited.

We review the evidence as to cause of death in the light most favorable to the state. State v. Manlove, 79 N.M. 189, 441 P.2d 229 (Ct.App.1968); State v. Encee, 79 N.M. 23, 439 P.2d 240 (Ct.App.1968).

It is undisputed that defendant shot the victim at least four times. One bullet pierced the trachea, went through the esophagus and the bony part of the seventh cervical vertebra and lodged in the spinal canal adjacent to the spinal cord. An infection developed around the spinal cord. The infection spread upward and involved the lining of the brain and the brain itself. The pathologist testified that death "* * * was the direct result of complications from the bullet wounds, the complications being infection. * * *"; that the cause of death was gunshot wounds.

On cross examination, the pathologist testified that without infection neither. the above bullet wounds, nor a wound in the chest which resulted in pneumonia, would have caused death; that he didn't have

"* * * any fatal shots, as such. * * *" He also testified that an incision was made and a tracheotomy tube inserted; that the principal infection was in the area where the tube was inserted. He testified that he couldn't say "for sure" about the infection's source. On redirect he testified that insertion of the tracheotomy tube was necessary to "extend the life" of the victim; that he noted no improper medical treatment and that he could not attribute the cause of death to anything other than the gunshot wounds.

The foregoing is "substantial evidence" as that term has been defined in New Mexico decisions. See State v. Manlove, supra, and cases therein cited. There being substantial evidence as to the cause of death, the trial court did not err in submitting the case to the jury.

The judgment and sentence are affirmed. It is so ordered.

SPIESS, C. J., and ARMIJO, J., concur.