458 P.2d 98

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Victor TAFOYA, Defendant-Appellant.**

**No. 320.**

Court of Appeals of New Mexico.

Aug. 8, 1969.

Frank P. Dickson, Jr., Turner W. Branch, Albuquerque, for appellant.

James A. Maloney, Atty. Gen., Vince D'Angelo, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

HENDLEY, Judge.

Defendant was convicted of aggravated burglary and aggravated battery.

Defendant contends "the judgment of sentence and conviction should be reversed because the verdict is not supported by substantial evidence and the verdict is clearly unjust and flagrantly wrong." We disagree.

Defendant admitted the burglary. The victim's testimony supports a determination that defendant, after his unauthorized entry, armed himself with a gun and committed a battery on his victim. See § 40A–16–4, N.M.S.A.1953 (Repl.Vol. 6). The victim's testimony also supports a determination that defendant committed the battery with the gun and with intent to injure. See § 40A–3–5, N.M.S.A.1953 (Repl.Vol. 6).

Defendant asserts the victim's testimony is not substantial evidence because not corroborated. He states that apart from the victim's testimony there is no evidence a gun was used. First, there was corroboration. The victim testified he recognized the gun as one that belonged to his father. The defendant testified he threw the gun away after leaving the scene. The victim testified he was struck on and about his face. There were photographs of the victim showing facial cuts and abrasions. Second, corroboration was not required. See State v. Turnbow, 67 N.M. 241, 354 P.2d 533, 89 A.L.R.2d 461 (1960) where it is stated that an accused may be convicted upon the uncorroborated testimony of an accomplice. Here the testimony was from the victim, not an accomplice.

Defendant also complains of conflicts in the testimony of a police officer. It was for the jury to resolve such conflicts and determine the credibility of the officer's testimony. State v. Encee, 79 N.M. 23, 439 P.2d 240 (Ct.App.1968).

On appeal we examine the evidence in the light most favorable to support the verdict. State v. Encee, supra. We have so examined and find the verdict is supported by substantial evidence. Davis v. Padilla, 79 N.M. 753, 449 P.2d 661 (1969); and State v. Moser, 80 N.M. 404, 456 P.2d 878, decided June 30, 1969.

Defendant contends he was not given credit for time spent in presentence confinement in accordance with § 40A–29–25, N.M.S.A.1953 (Repl.Vol. 6). This point is conceded by the State.

Accordingly, we affirm the conviction but remand to the trial court to determine the credit for time spent in presentence confinement according to § 40A–29–25, supra.

It is so ordered.

SPIESS, C. J., and WOOD, J., concur.