471 P.2d 201

**STATE of New Mexico, Plaintiff-Appellee,**
**v.**
**Manfor MORA, Defendant-Appellant.**
**No. 463.**

Court of Appeals of New Mexico.
May 28, 1970.
Certiorari Denied June 24, 1970.

Ramon Lopez, Albuquerque, for appellant.

James A. Maloney, Atty. Gen., Justin Reid, Asst. Atty. Gen., Santa Fe, for appellee.

OPINION

WOOD, Judge.

Convicted of two counts of aggravated battery, defendant appeals. The three issues concern: (1) motion for continuance; (2) sufficiency of the evidence; and (3) refused instructions.

*Motion for continuance.*

Immediately prior to selection of the jury, defendant moved for a continuance. He asserted the prosecutor had informed him of the names of four witnesses only a short time prior to the motion. He asked for a continuance on the basis he hadn't had an opportunity to talk to the four persons named as witnesses. In denying the motion, the trial court ruled that opportunity should be afforded to defendant to talk to the persons named. Was it error to deny the motion?

The motion was based on § 41–6–47, N. M.S.A.1953 (Repl.Vol. 6) which provides for the endorsement of names of witnesses on the information. When, as here, the names have not been endorsed and defendant moves for a continuance, State v. Edwards, 54 N.M. 189, 217 P.2d 854 (1950) states:

> "* * * When it is made to appear that testimony of the witness is such that it cannot be reasonably anticipated, postponement or continuance of the hearing is available to a defendant to meet it and if application therefor is denied, prejudice being shown, reversal will follow. * * *"

State v. Maes (Ct.App.) 81 N.M. 550, 469 P.2d 529, decided April 17, 1970.

One of the four persons named was not called to testify. There is nothing to indicate defendant was in any way prejudiced by the failure of the trial court to grant a continuance because this person had been named, but not called, as a witness.

The other three persons named did testify. As to these witnesses, defendant

asserts error on two grounds—their names were not endorsed on the information and surprise that they would be called as witnesses. These grounds are insufficient as a basis for continuance. Defendant at no time indicated he could not reasonably anticipate the testimony of the three witnesses. State v. Maes, supra. The trial court did not err in denying the motion for continuance.

*Sufficiency of the evidence.*

■■ There is no dispute that two men were shot. The evidence is in conflict as to whether defendant was the one who did the shooting. Defendant asserts this conflicting evidence made the testimony of the State's witnesses highly improbable and because of the conflicts the State's evidence was insubstantial. It was for the jury to resolve the conflicts in the evidence. State v. Tafoya, 80 N.M. 494, 458 P.2d 98 (Ct. App.1969). The conflicts in the evidence did not make the State's evidence insubstantial. Fox v. Doak, 78 N.M. 743, 438 P.2d 153 (1968).

■ Defendant also contends the State failed to prove all the elements of the crime and, therefore, failed to prove the corpus delicti. The corpus delicti is established by proof that the crime was committed. State v. Nance, 77 N.M. 39, 419 P.2d 242 (1966), cert. denied 386 U.S. 1039, 87 S.Ct. 1495, 18 L.Ed.2d 605 (1967); State v. Vallo, 81 N.M. 148, 464 P.2d 567 (Ct.App.1970). Defendant was charged with violating § 40A–3–5, N.M.S.A.1953 (Repl.Vol. 6). The 1969 amendment to this section is not applicable. Section 40A–3–5, supra, requires an intent to injure. There must be substantial evidence of this intent for there to be proof that the crime of aggravated battery has been committed. Defendant asserts the State failed to prove an intent to injure. We disagree.

■ There is evidence that a fight occurred inside the dance hall, that defendant's son had the worst of this fight, that the son said: " ' * * * I am going to get my dad, he's got a gun. He's going to come back and he is going to kill a few.' " There is evidence that about ten minutes later defendant [the father] approached a group of people standing outside the building where the dance was held (among which were the victims) and stated: " ' * * * Get away from here or I'll shoot you.' " There is evidence that defendant wasn't aiming at any particular person but was " * * * just shooting all around." The shots were fired from a distance of six to eight feet from the two victims. Assuming, but not deciding, that the State was required to prove an intent to injure a particular victim, the foregoing is substantial evidence of such an intent. Compare State v. Wilson, 39 N.M. 284, 46 P.2d 57 (1935).

*Refused instructions.*

■ Defendant complains of the refusal of two requested instructions. One was properly refused because it referred to aggravated assault. There was no issue concerning assault. A false issue would have been interjected by giving this instruction. See State v. Selgado, 76 N.M. 187, 413 P.2d 469 (1966).

■ The second refused instruction went to the question of defendant's intent. The question of intent was covered by the instructions given. State v. McFerran, 80 N.M. 622, 459 P.2d 148 (Ct.App.1969).

Affirmed.

It is so ordered.

SPIESS, C. J., and HENDLEY, J., concur.