484 P.2d 1279

STATE of New Mexico, Plaintiff-Appellee,

v.

Leo CHAVEZ, Defendant-Appellant.

No. 532.

Court of Appeals of New Mexico.

March 19, 1971.

Rehearing Denied April 14, 1971.

Certiorari Denied May 5, 1971.

Joseph A. Roberts, Chavez & Roberts, Santa Fe, for appellant.

James A. Maloney, David L. Norvell, Attys. Gen., John A. Darden, Asst. Atty. Gen., Santa Fe., for appellee.

## OPINION

WOOD, Judge.

Defendant appeals his conviction of an aggravated battery that inflicted great bodily harm on the victim. Section 40A–

3–5, N.M.S.A.1953 (Repl.Vol. 6, Supp.1969). Defendant contends: (1) the statute is unconstitutionally vague; (2) there is no evidence that defendant's acts caused great bodily harm; (3) the court erred in failing to instruct the jury that "great bodily harm" had to be of a permanent nature; and (4) the jury should have been instructed on a lesser included offense.

Section 40A–3–5, supra, reads:

"A. Aggravated battery consists of the unlawful touching or application of force to the person of another with intent to injure that person or another.

"B. Whoever commits aggravated battery, inflicting an injury to the person which is not likely to cause death or great bodily harm, but does cause painful temporary disfigurement or temporary loss or impairment of the functions of any member or organ of the body, is guilty of a misdemeanor.

"C. Whoever commits aggravated battery inflicting great bodily harm or does so with a deadly weapon or does so in any manner whereby great bodily harm or death can be inflicted is guilty of a third degree felony."

*Alleged unconstitutional vagueness.*

■ Subdivision A of the above quoted statute defines the crime of aggravated battery. Whether the crime is a misdemeanor or a felony depends largely, as shown by subdivisions B and C, on the nature of the injury inflicted. Defendant says the severity of punishment depends on "a result, not an act." Defendant asserts the statute " * * * is contrary to the general purpose of criminal statutes which is [to] proscribe acts * * *." He claims " * * * a person must have a reasonable degree of foreseeability as to the effects of his act. * * *" In substance, defendant contends the statute is unconstitutionally vague because he could not foresee the degree of his crime when he committed it.

Defendant also argues that § 40A–3–5, supra, is unconstitutionally vague, as a whole, when compared to § 40A–3–4, N.M.

S.A.1953 (Repl.Vol. 6) which, in defining a simple battery, does not include an intent to injure. He contends that simple battery " * * * is a petty misdemeanor, and aggravated battery is a misdemeanor unless there is present the element of great bodily harm."

The two statutes, §§ 40A–3–4 and 40A–3–5, supra, specifically define the crimes involved. Each step—the simple battery, the aggravated battery which is a misdemeanor and the aggravated battery which is a felony—is clearly defined. Specific acts are prohibited in each of these three crimes. Further, the argument that the severity of the punishment depends on the result rather than the act, is fallacious. If the defendant did not commit the acts identified in § 40A–3–5(C), supra, his aggravated battery is not defined as a felony.

State v. Ferris, 80 N.M. 663, 459 P.2d 462 (Ct.App.1969) states:

"The 'vagueness' rule requires that the statutory language convey a sufficiently definite warning of the proscribed conduct. If the language is so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, then the statute violates due process. * * *"

The statutes here involved convey a definite warning of the proscribed conduct. Section 40A–3–5, supra, is not unconstitutionally vague either when its subsections are compared or when the entire section is compared with § 40A–3–4, supra. Compare State v. Pacheco, 81 N.M. 97, 463 P.2d 521 (Ct.App.1969).

*Evidence of great bodily harm.*

■ Defendant was charged with aggravated battery that inflicted great bodily harm. In the instruction defining the material elements of the crime, the jury was told that one of the elements to be proved beyond a reasonable doubt was that defendant " * * * did inflict great bodily harm upon Manuel Archuleta,." The instruction accords with § 40A–3–5, supra.

Defendant claims: "The main factual issue of this appeal is the lack of evidentiary proof as to the cause of the loss of the left eye of Manuel Archuleta. The main legal issue in this point is whether New Mexico adopts the rule of proximate cause in criminal cases, or adopts the rule of direct causation in criminal cases."

The evidence shows that defendant struck his victim in the eye during a fight. According to the victim the eye was removed some months later because of an infection. There is no medical testimony connecting the infection with defendant's blow to the victim's eye. The trial court sustained defendant's objection when the lay victim attempted to testify as to the causal connection. We agree with defendant that there is no evidence of a causal connection between the blow and the removal of the eye. Compare State v. Ewing, 79 N.M. 489, 444 P.2d 1000 (Ct.App.1968).

There is evidence that during the fight another person kicked the victim in the face. Defendant seems to argue that this kicking shows an intervening cause between defendant's blow and the removal of the victim's eye. The kicking incident is simply not pertinent to the issue; there is no evidence that the kicking involved the eye or in any way caused the removal of the eye.

There is evidence that after defendant hit the victim in the eye, apparently with his fist, the victim "couldn't see anything" and was never again able to see with that eye. This evidence connected defendant's blow with the loss of sight in the victim's eye.

The issue the jury was to decide was whether defendant's admitted battery inflicted great bodily harm on his victim. Rephrased, it is whether that battery caused the great bodily harm. New Mexico Supreme Court decisions seem to indicate that "proximate cause" is sufficient; that a defendant's act need not be a direct (that is, immmediate) cause. State v. Fields, 74 N.M. 559, 395 P.2d 908 (1964); State v. Romero, 69 N.M. 187, 365 P.2d 58 (1961). We do not concern ourselves with the type

of causation in this case because the loss of sight was great bodily harm. That loss of sight, under the evidence, was proximately and directly caused by defendant.

### Failure to instruct that great bodily harm must be permanent.

■ Defendant contends the instruction is erroneous that tells the jury there must be proof beyond a reasonable doubt that defendant inflicted great bodily harm on his victim. The asserted error is that the instruction should have told the jury the great bodily harm must be of a permanent nature.

There is no merit to the contention. The trial court defined "great bodily harm" to the jury. The definition was consistent with the statutory definition, § 40A–1–13, N.M.S.A.1953 (Repl.Vol. 6). Omitting the references to a high probability of death and to serious disfigurement, great bodily harm was defined to include an injury "* * * which results in permanent or protracted loss or impairment of the function of any member or organ of the body."

Great bodily harm is thus defined to include a permanent loss or impairment (a permanent injury). To say that great bodily harm, which includes a permanent injury, must be of a permanent nature is a redundancy. Further, the inclusion of the words requested by defendant would have been confusing to the jury, since by statutory definition, § 40A–1–13, supra, the loss or impairment is not required to be permanent. A protracted loss or impairment is sufficient.

At a minimum, here, there is a protracted loss of sight when the victim never again had sight in the eye struck by defendant.

### Lesser included offenses.

■ The issue submitted to the jury was whether defendant had committed an aggravated battery which inflicted great bodily harm on the victim. Defendant claims the trial court erred in failing to submit forms of verdict which included lesser of-

fenses. He claims the jury should have been instructed on the offense of simple battery. This claim, however, was not presented to the trial court and, therefore, will not be reviewed. State v. Ford, 81 N.M. 556, 469 P.2d 535 (Ct.App.1970); State v. Carrillo, 80 N.M. 697, 460 P.2d 62 (Ct.App. 1969), cert. denied 397 U.S. 1079, 90 S.Ct. 1532, 25 L.Ed.2d 815 (1970).

Defendant contended before the trial court that aggravated battery amounting to a misdemeanor should be submitted to the jury as a lesser included offense. This misdemeanor is committed when the injury inflicted by the aggravated battery is not likely to cause death or great bodily harm, but does cause painful temporary disfigurement or temporary loss or impairment. Section 40A–3–5(B), supra.

■ Defendant has the right to have the jury instructed on lesser included offenses if there is some evidence tending to establish the lesser included offenses. State v. Anaya, 80 N.M. 695, 460 P.2d 60 (1969); State v. James, 76 N.M. 376, 415 P.2d 350 (1966); State v. Duran, 80 N.M. 406, 456 P.2d 880 (Ct.App.1969). Defendant claims there is evidence that the victim's injury was temporary. The claim is erroneous. The only evidence is that the victim never again had sight in the eye struck by defendant. There is no evidence that the injury was temporary. The trial court properly refused to instruct on aggravated battery as a misdemeanor. State v. Anaya, supra.

■ There is an additional reason why this point is without merit. Although defendant asked the trial court to instruct on the asserted lesser included offense, he offered no instruction on this subject. Thus, there is no basis for a review under this point. State v. James, supra.

The judgment and sentence is affirmed.

It is so ordered.

SPIESS, C. J., and HENDLEY, J., concur.