521 P.2d 1034

**STATE of New Mexico, Plaintiff-Appellant,**

v.

**Richard Joseph VILLALPANDO, Defendant-Appellee.**

**No. 1333.**

Court of Appeals of New Mexico.

Feb. 27, 1974.

Certiorari Denied April 1, 1974.

David L. Norvell, Atty. Gen., Andrea Buzzard, Asst. Atty. Gen., Santa Fe., for plaintiff-appellant.

W. T. Martin, Jr., Matkins & Martin, Carlsbad, for defendant-appellee.

OPINION

WOOD, Chief Judge.

Defendant was charged with abandonment of dependents. Section 40A–6–2, N. M.S.A.1953 (2d Repl.Vol. 6). The dependents alleged to have been abandoned were his minor children. The trial court ruled the statute unconstitutional on the basis that it violated the requirements of equal protection and due process of law under the United States Constitution. The State appeals from the order quashing the criminal information. We reverse.

The 1973 amendment to § 40A–6–2, supra [see § 40A–6–2 (2d Repl.Vol. 6, Supp. 1973)], is not applicable. Prior to the 1973 amendment, the pertinent portion of the statute read:

"Abandonment of dependent consists of:

"A. a man having the ability and means to provide for his wife and minor child's support, and abandoning or fail-

ing to provide for the support of such dependent and thereby *leaving such wife or minor child dependent upon public support*; or

"B. a woman having the ability and means to provide for her minor child's support, and abandoning or failing to provide for the support of such minor child and thereby leaving such child dependent upon public support." [Our emphasis].

### Distinction based on sex.

■ Subdivision A defines the crime in terms of a man abandoning or failing to support either his wife or minor child. Subdivision B defines the crime in terms of a woman abandoning or failing to support her minor child. Subdivision B does not make it an offense for a woman to abandon or fail to support her husband. Defendant claims the distinction discriminates against him on the basis of sex alone and, thus, violates due process. See Frontiero v. Richardson, 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973). Defendant also claims that the different treatment of the sexes has no rational relationship to the objective of § 40A-6-2, supra, and, thus, violates equal protection of the law. See Reed v. Reed, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971).

"The constitutionality of a legislative act is open to attack only by a person whose rights are affected thereby." State v. Hines, 78 N.M. 471, 432 P.2d 827 (1967); see Broadrick v. Oklahoma, 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973). The charge against defendant does not involve defendant's wife; the charge involves only his minor children. The statute applies equally to men and women when the charge involves minor children. Since the distinction in the statute's application to men and women is not involved in the offense with which defendant is charged, his rights are not affected by the statutory distinction. Accordingly, the claims based on sex do not present an issue for decision. State v. Hines, supra. We note that the statutory distinction was removed by the 1973 amendment to § 40A-6-2, supra.

### Distinction based on actions of dependent.

■ Defendant claims the statute is unconstitutional because whether a crime is committed depends on the acts of the victim.

Defendant contends all members of the class who abandon or fail to support their minor children are not treated equally. This equal protection claim is that no crime is committed unless a minor child becomes dependent upon public support and the determination of becoming dependent "is left solely up to the actions of the victims of the abandonment or failure to support."

Defendant states: "An affirmative element of the crime, that is, . . . minor children becoming dependent on public support, must be committed by the victim of the crime before any criminal responsibility attaches. An individual has no way of knowing when the statute will be violated. A person is given no warning as to when the affirmative element will be committed." This due process claim is based on the concept of vagueness, "that persons of common intelligence must necessarily guess at its meaning and differ as to its application." State v. Orzen, 83 N.M. 458, 493 P.2d 768 (Ct.App.1972).

Both constitutional claims are based on the emphasized portion of the above quoted statute. The argument is that a minor child must "become" dependent, and that this is the act of the victim rather than the act of the defendant. The statute is not written in terms of *becoming* dependent. The statute refers to acts of a defendant which *leave* the victim dependent on public support. A defendant commits the crime by actions which leave a minor child dependent upon public support.

Since the crime is defined in terms of a defendant's actions, the contention, of unequal classification based on actions of the victim, has no factual basis. If the defendant does not commit the prohibited acts, he has not committed the crime. The statute conveys a definite warning of pro-

scribed conduct. It is not unconstitutionally vague and does not violate due process. State v. Chavez, 82 N.M. 569, 484 P.2d 1279 (Ct.App.1971).

*Distinction based on public support.*

Two unequal protection contentions are based on "public support."

The trial court construed the emphasized portion of the above quoted statute to mean "it is necessary that an affirmative action be taken . . . to apply for the public welfare." Defendant adopts this view in contending that "the social evil of abandonment of dependents bears little or no relationship to the attempt by the legislature to strike at the expenditures of tax dollars when the dependents become public burdens." The equal protection claim is that a requirement which involves public welfare benefits has no rational relationship to the statutory objective of preventing the abandonment of minor children or the failure to support minor children. See Reed v. Reed, supra.

■ The contention is based on a misreading of the statute. The statute contains no requirement that affirmative action be taken to obtain public welfare benefits from the Health and Social Services Department. "[P]ublic support," in § 40A–6–2, supra, may include support from the Health and Social Services Department [see § 12–1–28, N.M.S.A.1953 (Repl.Vol. 3)], but is not limited to support from that governmental department.

The equal protection claim based on the concept that public welfare benefits must be sought is without merit because the statute does not provide such a requirement.

■ Defendant also claims a violation of equal protection on the basis that the statute applies unequally to all of the persons who commit the same social evil. That evil is asserted to be the abandonment or failure to support minor children. The contention is that the statute applies only to those persons who leave minor children dependent on public support; that the statute does not apply to persons whose abandonment or non-support does not leave minor children dependent on public support.

We agree that the abandonment or failure to support minor children is a social evil. The fact that § 40A–6–2, supra, applies only to a part of that social evil does not necessarily result in a violation of equal protection of the law. Evils in the same field may be of different dimensions, requiring different remedies. Williamson v. Lee Optical of Okla., 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563 (1955). "That a general evil will be partially corrected may at times, and without more, serve to justify the limited application of a criminal law." McLaughlin v. Florida, 379 U.S. 184, 85 S.Ct. 283, 13 L.Ed.2d 222 (1964).

Although § 40A–6–2, supra, applies only to abandonment or the failure to support minor children who are left dependent on public support, the partial correction of the social evil has a rational relation to the object of the legislation. See Reed v. Reed, supra. That object was the care of minors. Section 40A–6–2, supra, does not violate the requirement of equal protection of the law on the basis that it fails to cover all abandonments and all failures to support minor children.

The order of the trial court quashing the information is reversed. The case is remanded with instructions to reinstate the information on the docket of the court.

It is so ordered.

HENDLEY and LOPEZ, JJ., concur.