560 P.2d 181

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Gary ESQUIBEL and Rick Kloeppel, Defendants-Appellants.**

**No. 2650.**

Court of Appeals of New Mexico.

Jan. 18, 1977.

Certiorari Denied Feb. 16, 1977.

Charles G. Berry, Marchiondo & Berry, Albuquerque, for Esquibel.

Jan A. Hartke, Chief Public Defender, Reginald J. Storment, Appellate Defender, William H. Lazar, Asst. Appellate Defender, Santa Fe, for defendant Kloeppel.

Suzanne Tanner, Louis Druxman, Asst. Attys. Gen., Santa Fe, for plaintiff-appellee.

OPINION

HENDLEY, Judge.

Convicted of possession of marijuana contrary to § 54–11–22(A)(1), N.M.S.A.1953 (Repl. Vol. 8, pt. 2, 1962, Supp.1975) defendants appeal. Defendant Kloeppel abandons certain issues raised in the docketing statement because they are not supported by the record. *State v. Vogenthaler*, 89 N.M. 150, 548 P.2d 112 (Ct.App. 1976). Kloeppel's point for reversal is the failure of the trial court to grant his motion for a directed verdict. Esquibel raises three issues for reversal: (1) directed verdict; (2) entrapment as a matter of law; and, (3) sufficiency of the evidence to go to the grand jury. We affirm.

*Directed Verdicts*

■ Both defendants contend that the legislature has narrowed the meaning of marijuana. Section 54–11–2(O), N.M.S.A. 1953 (Repl. Vol. 8, 1962, Supp.1975) sets forth the definition of marijuana as "all parts of the plant Cannabis sativa L." We need not answer this contention. Although, there was conflicting testimony by the experts, there was evidence (all the tests

**118**

when taken as a whole) from which the jury could determine that the substance was "Cannabis sativa L." *State v. Mora,* 81 N.M. 631, 471 P.2d 201 (Ct.App. 1970).

Esquibel also asserts that the statute (§ 54–11–22(A)(2), N.M.S.A.1953 (Repl. Vol. 8, pt. 2, 1962, Supp.1975)) means that when THC was proved marijuana was excluded. Here the legislature separated marijuana (with a lesser penalty) from THC (as extracted from marijuana and more potent) by making its distribution subject to a greater penalty. Section 54–11–22(A)(2), supra.

### *Entrapment*

■ Esquibel asserts entrapment as a matter of law. A review of the facts fails to disclose entrapment. *State v. Fiechter,* 89 N.M. 74, 547 P.2d 557 (1976) overruling

*State v. Sainz,* 84 N.M. 259, 501 P.2d 1247 (Ct.App. 1972).

### *Sufficiency of the evidence before the Grand Jury*

■ This court will not review the sufficiency of the evidence before the grand jury. *State v. McGill,* 89 N.M. 631, 556 P.2d 39 (Ct.App. 1976).

Affirmed.

IT IS SO ORDERED.

WOOD, C. J., and LOPEZ, J., concur.