This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                            **No. 32,230**

**BUD LITTLEON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Lisa B. Riley, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Judge.**

Defendant appeals his conviction for aggravated battery. We issued a calendar notice proposing to remand for correction of a typographical error, and affirming in

all other respects. Defendant has responded with a memorandum in opposition. We affirm.

Initially, we note that the judgment and sentence states that Defendant was convicted of aggravated battery (great bodily harm), the same aggravated battery alternative in the charging document. [RP 1, 174] However, the jury was instructed on the deadly weapon alternative for supporting an aggravated battery conviction. [RP 125] *See* NMSA 1978, § 30-3-5(C) (1969) (providing for the two alternative grounds for proving aggravated battery). Because jury instructions are law of the case, *see State v. Smith*, 104 N.M. 729, 730, 726 P.2d 883, 884 (Ct. App. 1986), we treat the reference to great bodily harm in the judgment as a clerical error, and we remand for correction of this error.

**Issue 1:** Defendant continues to claim that there was insufficient evidence to support his conviction for aggravated battery (deadly weapon). [MIO 8] "Substantial evidence review requires analysis of whether direct or circumstantial substantial evidence exists and supports a verdict of guilt beyond a reasonable doubt with respect to every element essential for conviction. We determine whether a rational fact[]finder could have found that each element of the crime was established beyond a reasonable doubt." *State v. Kent*, 2006-NMCA-134, ¶ 10, 140 N.M. 606, 145 P.3d 86 (citations omitted). "In reviewing the sufficiency of the evidence, we must view

the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176.

The jury was instructed that in order to convict Defendant of aggravated battery (deadly weapon), the evidence had to show that Defendant kicked victim with a steel-toed boot, an item that, when used as a deadly weapon could cause death or great bodily harm. [RP 125] Here, the victim testified that Defendant got out of his car, punched victim, and then kicked him with brown steel-toed boots, similar to the ones used by oil workers. [MIO 2] Defendant claims that the evidence was insufficient because the State failed to introduce the steel-toed boots into evidence. [MIO 8] However, the victim's testimony was sufficient to support the conviction, and no corroboration was necessary. *See State v. Tafoya*, 80 N.M. 494, 495, 458 P.2d 98, 99 (Ct. App. 1969). Defendant's attempts to distinguish *Tafoya* [MIO 10] are not persuasive, since we do not rely on it for its specific facts, but for the general proposition that the jury could rely on the victim's testimony that Defendant kicked him with steel-toed boots. In addition, the jury could rejects Defendant's version of events. *See State v. Sutphin*, 107 N.M. 126, 131, 753 P.2d 1314, 1319 (1988). Accordingly, we believe that the evidence was sufficient to support his conviction.

**Issue 2:** Defendant continues to claim that his original attorney was ineffective. [MIO 11] There is a two-fold test for proving ineffective assistance of counsel; the defendant must show (1) that counsel's performance fell below that of a reasonably competent attorney, and (2) that the defendant was prejudiced by the deficient performance. *See State v. Hester*, 1999-NMSC-020, ¶ 9, 127 N.M. 218, 979 P.2d 729. The burden of proof is on defendant to prove both prongs. *Id.*

Defendant lists four instances of alleged ineffective representation. First, Defendant claims that counsel should have requested a step-down instruction on the aggravated battery charge. [MIO 11] However, it was plausible for counsel to exercise a strategy of forcing the jury to choose between either aggravated battery or acquittal, without the option to resolve doubts about the former by finding him guilty of a lesser offense. *See State v. Boeglin*, 105 N.M. 247, 249-50, 731 P.2d 943, 945-46 (1987) (holding that a defendant is not entitled to complain on appeal after he has made a tactical decision not to seek a step-down instruction); *see also State v. Baca*, 1997-NMSC-059, ¶ 25, 124 N.M. 333, 950 P.2d 776 (stating that "a prima facie case is not made when a plausible, rational strategy or tactic can explain the conduct of defense counsel" (internal quotation marks omitted)). Second, Defendant claims that counsel should have requested a self-defense instruction. [MIO 12] In light of the fact that Defendant's version of events was that he got out of the truck and essentially

4

confronted the victim, there was no evidence to support the view that he had been placed in fear of imminent harm, or that the amount of force he inflicted on the victim was reasonable. *See* UJI 14-5181 NMRA (non-deadly self defense instruction); *see also State v. Chandler*, 119 N.M. 727, 735, 895 P.2d 249, 257 (Ct. App. 1995) (stating that trial counsel is not ineffective for failure to make a motion that is not supported by the record). Third, Defendant claims the failure to sever his trial from that of his brother resulted in his brother's refusal to testify. [MIO 12] However, even if the trials had been severed, it is purely speculative that his brother would have been given immunity to testify at Defendant's trial. Finally, Defendant claims that counsel should have demanded the jury be allowed to see a videotape during its deliberations. [DS 9] However, as Defendant acknowledges, this request is not in the record. [MIO 13] "Matters not of record present no issue for review." *State v. Hunter*, 2001-NMCA-078, ¶ 18, 131 N.M. 76, 33 P.3d 296. To the extent that Defendant believes the claim has merit, it would need to be addressed in a habeas proceeding. *See Duncan v. Kerby*, 115 N.M. 344, 346, 851 P.2d 466, 468 (1993). For the reasons set forth above, and in our calendar notice, we remand for correction of a typographical error and we affirm Defendant's conviction.

**IT IS SO ORDERED.**

_____

**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**JONATHAN B. SUTIN, Judge**