**STATE V. HERNANDEZ**

This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**STATE OF NEW MEXICO,**
**Plaintiff-Appellee,**
**v.**
**GERALD HERNANDEZ,**
**Defendant-Appellant.**

NO. A-1-CA-37555

COURT OF APPEALS OF NEW MEXICO

February 7, 2019

APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY, Brett Loveless, District Judge

**COUNSEL**

Hector H. Balderas, Attorney General, Santa Fe, NM, for Appellee

Bennett J. Baur, Chief Public Defender, Gregory B. Dawkins, Assistant Appellate, Santa Fe, NM, for Appellant

**JUDGES**

LINDA M. VANZI, Judge. WE CONCUR: JULIE J. VARGAS, Judge, KRISTINA BOGARDUS, Judge

**AUTHOR:** LINDA M. VANZI

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}** Defendant appeals his convictions for causing great bodily harm by vehicle (reckless driving). We issued a notice of proposed summary disposition, proposing to

uphold the convictions. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

{2}    The relevant background information has previously been set forth. We will avoid undue reiteration here and focus instead on the memorandum in opposition.

{3}    First, Defendant renews his challenge to the sufficiency of the evidence, specifically contending that the chain reaction that he precipitated should not be regarded as the direct cause of the injuries to the victims. [MIO 3] However, as we previously explained, [CN 4] New Mexico has adopted the rule of proximate cause in criminal cases, as opposed to the rule of direct causation, *see State v. Fields*, 1964-NMSC-230, ¶ 17, 74 N.M. 559, 395 P.2d 908; *State v. Chavez*, 1971-NMCA-030, ¶¶ 9, 13, 82 N.M. 569, 484 P.2d 1279, and the evidence clearly demonstrated that Defendant's conduct proximately caused the victims' injuries. Defendant also continues to argue that his culpability was diminished by one of the victims' failure to wear her seat belt. [MIO 3] However, the evidence was conflicting on this matter, *see generally State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (holding that contrary evidence does not warrant reversal because the jury is free to reject the defendant's version of events), and in any event, this is not a relevant or mitigating consideration. *See State v. Myers*, 1975-NMCA-055, ¶ 28, 88 N.M. 16, 536 P.2d 280 (rejecting an argument in a vehicular homicide case that the victim's failure to wear a seat belt could be considered in determining the proximate cause of death): *cf.* NMSA 1978, § 66-7-373(A) (2001) (providing that failure to use a safety belt "shall not in any instance constitute fault or negligence"). We therefore reject Defendant's challenges to the sufficiency of the evidence.

{4}    Defendant also renews his argument that the district court erred in classifying his crimes as serious violent offenses. [MIO 3-4] However, as we previously observed, [CN 6] the district court duly found that Defendant's actions were committed in a physically violent manner with recklessness in the face of knowledge that his acts were reasonably likely to result in serious harm, [RP 240] and the evidence was clearly sufficient to support those findings. This satisfies the requisites. *See generally State v. Loretto*, 2006-NMCA-142, ¶ 11, 140 N.M. 705, 147 P.3d 1138. We therefore uphold the designations as well within the district court's discretion.

{5}    Accordingly, for the reasons stated above and in our notice of proposed summary disposition, we affirm.

{6}    **IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**JULIE J. VARGAS, Judge**

**KRISTINA BOGARDUS, Judge**