LUCERO V. LOS ALAMOS NATIONAL LABORATORY

This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**SANDRA LUCERO,**
**Worker-Appellant,**
**vs.**
**LOS ALAMOS NATIONAL LABORATORY and CCMSI (TPA),**
**Employer/Insurer-Appellee.**

Docket No. A-1-CA-37114
COURT OF APPEALS OF NEW MEXICO
May 24, 2019

APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION, Reginald C. Woodard, Hearing Officer

**COUNSEL**

Barnhill Law Office, L.L.C., Lynn A. Barnhill, Santa Fe, NM for Appellant

Camp Law, LLC, Minerva Camp, Albuquerque, NM for Appellee.

**JUDGES**

LINDA M. VANZI, Judge. WE CONCUR:  J. MILES HANISEE, Judge MEGAN P. DUFFY, Judge

**AUTHOR:** LINDA M. VANZI

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}** Worker appeals from a compensation order denying her benefits for failure to provide timely notice. We issued a calendar notice proposing to affirm. Worker has responded with a memorandum in opposition. We affirm.

**Notice**

**{2}** Worker continues to challenge the determination by the Workers' Compensation Judge (WCJ) that Worker failed to give Employer timely notice of her accident. *See* NMSA 1978, § 52-1-29(A) (1990) (providing that workers "shall give notice in writing to [their] employer of the accident within fifteen days after the worker knew, or should have known, of its occurrence").

**{3}** Below, the WCJ determined that Worker's accident occurred no later than February 2016, but she did not report this to her employer until April 4, 2016. [RP 299-300, FOF Nos. 7-11]. Because this determination resolves a question of fact, we apply the whole record standard of review. *See DeWitt v. Rent-A-Center, Inc.*, 2009-NMSC-032, ¶ 12, 146 N.M. 453, 212 P.3d 341 ("We review factual findings of [the WCJ] under a whole record standard of review."). "We view the evidence in the light most favorable to the agency decision, but may not view the favorable evidence with total disregard to contravening evidence." *Lucero v. City of Albuquerque*, 2002-NMCA-034, ¶ 14, 132 N.M. 1, 43 P.3d 352. Ultimately, to warrant reversal, this Court must be persuaded that it "cannot conscientiously say that the evidence supporting the decision is substantial, when viewed in the light that the [whole] record furnishes[.]" *Tallman v. ABF (Arkansas Best Freight)*, 1988-NMCA-091, ¶ 14, 108 N.M. 124, 767 P.2d 363, *holding modified on other grounds by Delgado v. Phelps Dodge Chino, Inc.*, 2001-NMSC-034, 131 N.M. 272, 34 P.3d 1148.

**{4}** In support of its determination, the WCJ found Worker had a history with reporting work-related injuries, and knew or should have known that her upper extremity pain should have been reported earlier; instead she had requested an ergonomic evaluation, which does not constitute notice of injury. [RP 299-300] The WCJ determined that Worker should have given notice when she requested the ergonomic evaluation back in to February 2016; the WCJ also relied on the fact that no specific incident occurred on April 4, 2016, the date she gave notice. [RP 300, FOF No. 10]

**{5}** Worker continues to argue that there is conflicting evidence in this case, namely that the WCJ could have determined that she did not realize that she had a work-related injury until after the initial treatment ergonomic effort did not resolve the pain. [MIO 5] However, we cannot reweigh the evidence on appeal. *See generally Rodriguez v. La Mesilla Constr. Co.*, 1997-NMCA-062, ¶ 13, 123 N.M. 489, 943 P.2d 136 (observing that this Court "will not reweigh the evidence, even under the whole record standard of review"); *Mieras v. Dyncorp*, 1996-NMCA-095, ¶ 15, 122 N.M. 401, 925 P.2d 518 (observing that it is for the WCJ, as the fact-finder, to resolve conflicting evidence). In short, we conclude that there is substantial evidence to support the WCJ's determination in this case. *Cf. State v. Mora*, 1970-NMCA-072, ¶ 6, 81 N.M. 631, 471 P.2d 201 (observing that conflicts in the evidence do not make the evidence insubstantial).

## Testimony

**{6}** Worker has claimed that the WCJ should have excluded Dr. Pasqualoni's testimony under NMSA 1978, Section 52-1-51(C) (2013), because she was not a health

care provider as defined by the Act. Worker's memorandum in opposition does not provide any new argument on this issue or point out any error of fact or law in our calendar notice. We therefore rely on our calendar notice. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ( "Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{7}**     For the reasons set forth above, we affirm.

**{8}     IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**MEGAN P. DUFFY, Judge**