This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40021**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**ORACIO ORNELAS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY**
**Donna J. Mowrer, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Patrick J. Martinez & Associates
Patrick J. Martinez
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}** Following a jury trial, Defendant appeals the sufficiency of the evidence to support his convictions for aggravated battery with a deadly weapon and being a felon in possession of a firearm. In this Court's notice of proposed disposition, we proposed to summarily affirm in part, and reverse and remand in part. The State did not file a memorandum in support or in opposition of our proposed disposition. Defendant filed a partial memorandum in opposition, which we have duly considered. Remaining unpersuaded, we reverse and remand for resentencing, and otherwise affirm.

**{2}**     Defendant's memorandum in opposition continues to reassert the same issues that we have already addressed and proposed to reject in our notice of proposed disposition. With regard to Defendant's Issue A, Defendant has argued that, based on the corpus delecti rule, his conviction cannot be sustained solely by the victim's testimony and without independent corroboration. [MIO 6-7] We are not persuaded. *See State v. Bregar*, 2017-NMCA-028, ¶ 45, 390 P.3d 212 ("The corpus delicti rule provides that unless the corpus delicti of the offense charged has been otherwise established, a conviction cannot be sustained *solely* on the extrajudicial confessions or admissions of the accused." (internal quotation marks and citation omitted)). As Defendant's memorandum in opposition recognizes, New Mexico law does not treat a victim's testimony identical to the admissions of the accused. [MIO 7] *See State v. Tafoya*, 1969-NMCA-073, ¶ 4, 80 N.M. 494, 458 P.2d 98 (explaining that the corroboration of a victim's testimony is not required to support the determination that the defendant committed battery with a firearm and intended to injure the victim). To the extent Defendant argues that the victim's identification of Defendant was not credible because he "was only able to [identify Defendant] after supposedly seeing him on a mobile app despite being provided a photo array lineup by law enforcement officers at a period in time closer" to the incident [MIO 7], it was for the jury to resolve any conflicts and determine weight and credibility in the testimony. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts."); *State v. Garcia*, 2005-NMSC-017, ¶ 12, 138 N.M. 1, 116 P.3d 72 ("The court should not re-weigh the evidence to determine if there was another hypothesis that would support innocence or replace the fact-finder's view of the evidence with the appellate court's own view of the evidence.").

**{3}**     With regard to Defendant's remaining issues, Issues B and C, Defendant's memorandum in opposition has not asserted any fact, law, or argument that persuades us that our notice of proposed disposition was erroneous. [MIO 4, 7-10] *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{4}**     We note, with regard to Defendant's Issue C, his claim of ineffective assistance of counsel, that our notice of proposed disposition informed Defendant that in order to succeed, he "must show that counsel's actions were not simply matters of strategy, were made part of the record, and prejudiced [D]efendant." [CN 7] Although Defendant has provided additional facts in relation to this issue and to assert that the claimed ineffective assistance of counsel was not simply a matter of strategy [MIO 9-10], Defendant's memorandum in opposition is not persuasive because Defendant's additional facts are "not part of the record" [MIO 4] and too general to establish

prejudice. *See State v. Bernard*, 2015-NMCA-089, ¶ 35, 355 P.3d 831 (refusing to consider the ineffective assistance of counsel claim because the allegations were general, did not provide detailed explanations or record citations to support claims about trial counsel's performance or prejudice, and the claims were speculative). We remind Defendant, to the extent that his claim may have merit based on additional matters not currently in the record, that it is more appropriately addressed in a habeas corpus proceeding. *See State v. Grogan*, 2007-NMSC-039, ¶ 9, 142 N.M. 107, 163 P.3d 494 (explaining that "[h]abeas corpus proceedings are the preferred avenue for adjudicating ineffective assistance of counsel claims" (internal quotation marks and citation omitted)).

**{5}** Finally, we reverse and remand as to Defendant's Issue D, given the lack of opposition from either party to our proposal to agree with Defendant that, based on the principles of double jeopardy, the district court erred in enhancing his sentence by four years on the felon in possession charge. [CN 8-9]

**{6}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we reverse and remand, in part, for resentencing and otherwise affirm.

**{7}** **IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**KRISTINA BOGARDUS, Judge**