587 P.2d 53

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Jimmy Lee WAITS, Defendant-Appellant.**

**No. 3654.**

Court of Appeals of New Mexico.

Nov. 7, 1978.

Paquin M. Terrazas, Terrazas & Dorr, P. A., Santa Fe, for defendant-appellant.

John Humphrey, Jr., Trial Counsel, Lovington.

Toney Anaya, Atty. Gen., Lawrence A. Gamble, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Convicted of receiving stolen property contrary to § 40A–16–11(E), N.M.S.A.1953 (2d Repl.Vol. 6, 1972, Supp.1975), defendant appeals. He contends that:

"THE TRIAL COURT ERRED IN ADMITTING THE PRELIMINARY HEARING TESTIMONY OF A CRITICAL WITNESS FOR THE STATE WHEN THERE WAS AN INSUFFICIENT SHOWING THAT THE WITNESS WAS UNAVAILABLE, THEREBY DENYING THE DEFENDANT HIS CONSTITUTIONAL RIGHT TO CONFRONT AND CROSS–EXAMINE WITNESSES AGAINST HIM AT TRIAL."

Other issues listed in the docketing statement have been abandoned. *State v. Ortiz,* 90 N.M. 319, 563 P.2d 113 (Ct.App.1977). We reverse.

The victim, Mr. Allen, appeared and testified at the preliminary hearing and was cross-examined by defendant. Approximately two months prior to trial, Allen was served with a New Mexico subpoena in Texas. The subpoena was not issued in accordance with the Uniform Act to Secure the Attendance of Witnesses from without a State in Criminal Proceedings. See §§ 41–12–13 through 18, N.M.S.A.1953 (2d Repl.Vol. 6, 1972). Allen did not appear at trial. Allen had not appeared the previous day in a related criminal case. The trial court concluded that since Allen had been served with a subpoena, the state had made a diligent effort to procure his attendance and over defendant's objection allowed the use of Allen's preliminary hearing testimony.

■ The state asserts that a proponent of evidence must meet the good faith and due diligence standards in determining whether process or other reasonable means has been employed in securing the attendance of a witness. We agree, but the definition of "process or other reasonable means" must first be determined before the question of unavailability can be decided.

New Mexico Rule of Evidence 804(a)(5) [§ 20–4–804(a)(5), N.M.S.A.1953 (Repl.Vol. 4, 1970, Supp.1975)] states:

"(a) *Definition of Unavailability.* 'Unavailability as a witness' includes situations in which the declarant:

" * * *

"(5) Is absent from the hearing and the proponent of his statement has been unable to procure his attendance by process or other reasonable means."

■ Process must be defined as legal process. That is, it must not only be fair on its face but also valid. Black's Law Dictionary, (4th Ed. 1957) p. 1370. New Mexico has no legal authority to compel a person living in Texas to appear in its courts by issuance of a New Mexico subpoena. See Rules of Crim.Proc. 48(a) and Rule Civ.Proc. 45(e). The subpoena issued in New Mexico and served in Texas had no legal effect. Its issuance and service did not constitute good faith or due diligence on the part of the state in attempting to secure the attendance of Allen. The state did not meet its burden of showing unavailability.

What were "other reasonable means" available to the state? The Uniform Act was available. See Tex.Code Crim.Proc.Annot., art. 24.28 (Vernon) as amended. The Uniform Act was a reasonable means. Compare *State v. Lucero,* 86 N.M. 686, 526 P.2d 1091 (1974); *State v. Sibold,* 83 N.M. 678, 496 P.2d 738 (Ct.App.1972); *State v. Holly,* 79 N.M. 516, 445 P.2d 393 (Ct.App. 1968). *Lucero,* supra, held that where an action had been initiated under the Uniform Act for an out-of-state witness, absent an admission of facts, the trial court had no discretion in denying a request for a continuance when the out-of-state witness did not respond. The court went on to state that it should have been granted as a matter of right.

■ The ruling in the instant case that the witness was unavailable was error. It deprived defendant of his right of confrontation and cross-examination. *Barber v. Page,* 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968). Accordingly, we hold that under the facts of this case that before a witness can be declared unavailable the state must use the procedures of the Uniform Act. *State v. Mann,* 87 N.M. 427, 535 P.2d 70 (Ct.App.1975), special concurring opinion. *Smith v. State,* 546 P.2d 267 (Okl. Cr.App.1976).

Reversed.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.