858 P.2d 412

**STATE of New Mexico,
Plaintiff–Appellant,**

v.

**Quinton GRAHAM, Defendant–Appellee.**

**No. 14373.**

Court of Appeals of New Mexico.

April 13, 1993.

Tom Udall, Atty. Gen., Anthony Tupler, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

R.E. Richards, R.E. Richards, P.A., Hobbs, for defendant-appellee.

## OPINION

APODACA, Judge.

The State appeals from the trial court's order dismissing the charge of aggravated battery against Defendant. Our second calendar notice proposed summary affirmance and the State has filed a memorandum in opposition. The State also filed a motion to supplement authority, which we grant. Having considered the arguments presented in the State's memorandum in opposition, we hold that the trial court did not abuse its discretion in dismissing the charges. We therefore affirm the order of dismissal.

Defendant was charged with aggravated battery based on his alleged involvement in a shooting incident. At the preliminary hearing, Greg Fritts (Fritts) testified; he was the only witness who could place the gun in Defendant's hand during the incident. Fritts originally was charged with tampering with the evidence as a result of the same incident. However, he was allowed to plead to a misdemeanor charge so that he could join the Army. Following the resolution of the charge against him, Fritts enlisted in the Army.

A jury trial for Defendant was scheduled for November 2, 1992, and a subpoena was issued for Fritts in September to secure his attendance at that trial. Meanwhile, our Supreme Court granted the State's motion for an extension of time until November 6, 1992, in which to try Defendant.

In late October 1992, the State learned that Fritts was in the Army and supposedly stationed in Germany. An investigator for the State later learned that Fritts was stationed in Kentucky. Because the State could not contact Fritts directly, it contacted his first sergeant a week before the trial. The sergeant assured the State that Fritts would be present for Defendant's trial. The State then sent by facsimile transmittal a copy of the New Mexico subpoena for Fritts to the first sergeant and also mailed a prepaid airline ticket to him.

On Friday, October 30, 1992, Fritts' attorney contacted the State and informed it that Fritts did not want to attend the trial. The State informed Fritts' attorney that the first sergeant had assured it that Fritts would be present. The next day, Fritts's attorney left a message informing the

State that his client would in fact not appear.

The day of the trial, when Fritts did not appear, the State informed the trial court of the situation. The trial court ruled that Fritts' preliminary hearing testimony could not be used. *See generally* SCRA 1986, 11–804(A)(5) (witness is unavailable if he is absent and proponent of statement has been unable to secure his attendance by process or other reasonable means). The trial court also refused to grant the State's motion for a continuance. Instead, the trial court dismissed the charge against Defendant because the State was not ready to proceed due to the failure of its material witness to appear. The State appealed.

The State argues that the trial court erred in denying its motion to use Fritts' preliminary testimony at trial, in denying its motion for a continuance, and in dismissing the case against Defendant. We disagree.

▮ The trial court has discretion to determine whether the burden of showing that a witness is unavailable has been met before allowing a witness's prior testimony to be used at a later court proceeding. *See State v. Martinez*, 102 N.M. 94, 97, 691 P.2d 887, 890 (Ct.App.), *cert. denied*, 102 N.M. 88, 691 P.2d 881 (1984). In making such a determination, the trial court can consider whether the procedures under NMSA 1978, Section 31–8–3 (Repl.Pamp.1984), were used or whether the facts were such that due diligence and good faith were shown without resort to that statutory provision. *Martinez*, 102 N.M. at 97, 691 P.2d at 890. Section 31–8–3 provides the mechanism for securing the attendance of a material witness from another State to testify in a criminal prosecution or grand jury proceeding in New Mexico. The procedure entails a New Mexico judge issuing a certificate under court seal specifying the facts and the number of days the witness will be required. *See* § 31–8–3. The certificate may include a recommendation that the witness be taken into immediate custody to ensure his or her attendance. *Id.* Once the certificate is prepared, it is presented to a judge of a court of record in the county of the state in which the witness is found. *Id.*

In its docketing statement and memoranda in opposition, the State stresses that Fritts' testimony was crucial to its case against Defendant because he was the only witness who could place the gun in Defendant's hand at the time of the shooting. However, in its memorandum in opposition to the first calendar notice, the State admits that it made no effort to secure Fritts' attendance under the procedures outlined in Section 31–8–3. The only steps it took to secure this crucial witness's presence was contacting Fritts' first sergeant, faxing the Sergeant a copy of a New Mexico court subpoena, and sending him a prepaid airline ticket for Fritts.

The State admits that this informal process did not comply with Section 31–8–3 and was not a valid method of out-of-state service. *See State v. Waits*, 92 N.M. 275, 277, 587 P.2d 53, 55 (Ct.App.1978) (subpoena that is not in accordance with statute to secure attendance of out-of-state witness and that is issued in New Mexico but served in another state has no legal effect). In *Waits*, we held that action similar to the State's action in this appeal did not constitute good faith or due diligence on the part of the State in attempting to secure the presence of an out-of-state witness. *Id.* Therefore, under Section 31–8–3 and *Waits*, the trial court could reasonably determine that the State did not meet the good faith and due diligence standards that would allow it to use Fritts' preliminary testimony at Defendant's trial.

We next address whether the State met the good faith and due diligence standards through reasonable means other than Section 31–8–3. *See Martinez*, 102 N.M. at 97, 691 P.2d at 890. In *Martinez*, the witness had responded to ordinary subpoenas three previous times and had confirmed that he was going to respond a fourth time the day before he was scheduled to arrive for trial. *Id.* Based on those facts, we distinguished the State's actions in *Waits* from the factual scenario in *Martinez* and determined that the trial court did not abuse its discretion in ruling that the State had exercised

due diligence and in admitting the witness's prior testimony. *Id.*

■ The facts of this case are not even remotely similar to *Martinez* because Fritts never responded to ordinary subpoenas. In fact, the State was unable to contact Fritts directly and instead communicated initially with his first sergeant. As we noted earlier, these efforts had no legal effect. *See Waits,* 92 N.M. at 277, 587 P.2d at 55. The closest the State came to communicating with Fritts directly was with his attorney, who initially stated that Fritts did not want to attend Defendant's trial and then confirmed that his client would not appear. Despite these communications, the State did not make any other efforts, under Section 31–8–3 or otherwise, to secure Fritts' attendance. *See State v. Fernandez,* 56 N.M. 689, 248 P.2d 679 (1952). The trial court could properly determine that the State's efforts to secure Fritts' attendance through means other than Section 31–8–3 did not constitute due diligence. *Cf. Martinez,* 102 N.M. at 97, 691 P.2d at 890 (State's failure to use Uniform Act before trial did not constitute lack of due diligence where out-of-state witness had previously responded to three ordinary subpoenas and confirmed that he would respond a fourth time shortly before trial). We thus conclude that the trial court did not abuse its discretion in determining that the State had not met its burden of showing Fritts' unavailability so that his preliminary hearing testimony could be admitted at Defendant's trial. *See id.; see also State v. Brionez,* 91 N.M. 290, 293, 573 P.2d 224, 227 (Ct.App.) (abuse of discretion occurs when ruling is clearly against the logic and effect of the facts and circumstances before the trial court), *cert. denied,* 91 N.M. 249, 572 P.2d 1257 (1977).

The State argues that its efforts were the only means that offered any probability of commencing trial on November 2, 1992, with Fritts present. It further argues that the calendar notices' proposed analysis fails to recognize the time limits and circumstances faced by the State when it finally located Fritts. We disagree.

Initially, we note that the State's informal efforts to secure Fritts' attendance at trial were not reasonable with respect to guaranteeing Fritts' presence in time to commence trial. As we observed earlier, these efforts had no legal effect. *See Waits,* 92 N.M. at 277, 587 P.2d at 55. Rather, if the State wanted to guarantee Fritts' attendance once it had located him in Kentucky but was unable to contact him directly, it should have used the procedures outlined in Section 31–8–3. We are not saying these steps would have guaranteed Fritts' attendance at the trial; however, on the day trial was to commence, if the State had been able to show that it had used Section 31–8–3 to secure Fritts' presence, it could have made a stronger argument to the trial court to grant a continuance based on its due diligence and good faith efforts. Because the State could rely only on efforts that had no legal effect and did not constitute due diligence, resulting in its crucial witness being absent, the trial court did not err in denying the State's motion for continuance. *See generally State v. Pruett,* 100 N.M. 686, 687, 675 P.2d 418, 419 (1984) (denial of motion for continuance based on lack of evidence is within discretion of trial court).

■ The final issue we address is whether the trial court abused its discretion in dismissing the charge against Defendant. *See generally Mathis v. State,* 112 N.M. 744, 747–48, 819 P.2d 1302, 1305–06 (1991) (dismissal of criminal charges judged by abuse of discretion standard). We realize that dismissal is an extreme sanction to be used only in exceptional circumstances. *See State v. Bartlett,* 109 N.M. 679, 680, 789 P.2d 627, 628 (Ct.App.1990). However, the dismissal here was not a sanction imposed by the trial court for the State's failure to either proceed under Section 31–8–3 or exercise due diligence and good faith in other ways to secure Fritts' presence. Rather, the trial court's dismissal was based on the fact that the State's only material witness had failed to appear and, as a result, the State was not ready to proceed to trial due to its lack of evidence to support the charge. Under these facts, we conclude that the trial court did not

abuse its discretion in dismissing the charge against Defendant.

For these reasons, the dismissal of the charge against Defendant is affirmed.

IT IS SO ORDERED.

DONNELLY and BLACK, JJ., concur.