This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41868**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**THOMAS OVERSON a/k/a
THOMAS DANIEL OVERSON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY
Karen L. Townsend, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**ATTREP, Chief Judge.**

**{1}** This matter was submitted to the Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Having considered the brief in chief, concluding the briefing submitted to the Court provides no possibility for reversal, and determining that this

case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}** Following a jury trial, Defendant appeals from the district court's judgment and sentence for aggravated battery with a deadly weapon on a household member. Defendant argues that the district court abused its discretion when it admitted Victim's preliminary hearing testimony at trial under Rule 11-804(A)(5)(a) and (B)(1) NMRA because (1) the State should have undertaken more significant efforts to secure her presence at trial [BIC 14-21]; and (2) Defendant did not have the opportunity to meaningfully cross-examine Victim at the preliminary hearing. [BIC 21-22] Thus, Defendant asserts that the district court erred under the New Mexico Rules of Evidence and violated Defendant's Confrontation Clause rights under the Sixth Amendment to the United States Constitution and Article II, Section 14 of the New Mexico Constitution. [BIC 14-15]

**{3}** "When a witness testifies under oath at a preliminary hearing, admission of that preliminary hearing testimony does not violate the Confrontation Clause if: (1) the witness is unavailable; and (2) the defendant had a prior opportunity to cross-examine the statement that is now being offered into evidence against [them]." *State v. Lopez*, 2011-NMSC-035, ¶ 11, 150 N.M. 179, 258 P.3d 458 (text only) (citation omitted). In making its finding of unavailability, the district court "may take into consideration the totality of the circumstances" when determining if the state "was diligent in attempting to produce a witness for trial." *State v. Lopez*, 1996-NMCA-101, ¶ 25, 122 N.M. 459, 926 P.2d 784.

**{4}** Defendant argues that Victim's unavailability was not established by the State and challenges the adequacy of the State's efforts to serve Victim with a subpoena for the trial setting at issue. [BIC 12] *See* Rule 11-804(A)(5)(a) (defining "[u]navailability as a witness" as when a declarant "is absent from the trial or hearing and the statement's proponent has not been able, by process or other reasonable means, to procure . . . the declarant's attendance, in the case of a hearsay exception under Rule 11-804(B)(1) or (5)"). Defendant recites the evidence relied upon by the district court to find that the State was unable to produce, by reasonable means, Victim's presence to testify at trial under Rule 11-804(A)(5)(a). [BIC 9, 19-20] Despite this evidence, Defendant argues that the district court erred because Victim was the only witness able to provide direct evidence, the defense's ability to cross-examine Victim was crucial, and the State should have undertaken more significant efforts to secure Victim's presence at trial. [BIC 20-21]

**{5}** The brief in chief describes in detail the steps that the district court took to ensure the State met its burden of showing that its efforts to secure Victim's presence for trial were in good faith and diligent. [BIC 9, 19-20] Defendant does not dispute that the facts relied upon by the district court were supported by the record. Instead, Defendant contends that more should have been required; in particular, the State should have been required to serve Victim for the current trial setting because the State had been successful in serving Victim at her home for previous trial settings, or serve the

subpoena on another adult in the home. [BIC 9, 12] However, the evidence showed that the detective made several attempts to serve Victim at her home, told the adults in the home the purpose for her visits, and left her contact information. But the detective was eventually told that Victim no longer lived there, thereby exhausting all resources available to her for locating Victim. [BIC 10-11] And while Defendant argues that the rules permit service via other adults in the home, which the State did not attempt to do [BIC 12], Rule 11-804(A)(5) only requires efforts of service by reasonable means. The evidence of the State's numerous attempts demonstrate its efforts were reasonable. *See Lopez*, 1996-NMCA-101, ¶ 25 (stating that "[t]he lengths to which the prosecution must go to produce a witness is a question of reasonableness").

**{6}**     We hold that under the totality of the circumstances, this evidence is sufficient to support the district court's decision that the State's attempts to secure Victim's presence for trial were in good faith and diligent. *See id.* ¶ 25. Unlike cases where evidence of the state's efforts is lacking, here there were multiple attempts to personally serve Victim at her home and to locate her whereabouts by other means when those attempts were unsuccessful. [BIC 19-20] *Cf. State v. Graham*, 1993-NMCA-054, ¶¶ 9-10, 115 N.M. 745, 858 P.2d 412 (affirming the district court's finding that the state's attempt to produce a witness for trial were not in good faith or diligent when the state made no effort to use formal procedures to secure the witness for trial); *State v. Waits*, 1978-NMCA-116, ¶ 5, 92 N.M. 275, 587 P.2d 53 (holding that the state failed to meet its burden to show a witness was unavailable when the state only sent an ineffective subpoena to secure the witness's attendance). Therefore, we conclude that the district court did not err in ruling that Victim was unavailable under Rule 11-804(A)(5)(a).

**{7}**     As to the admissibility of Victim's preliminary hearing testimony, a "statement of an unavailable witness is admissible if the unavailable witness's 'testimony was given as a witness at another hearing of the same or a different proceeding and if the party against whom the testimony is now offered had an opportunity and similar motive to develop the testimony by direct, cross or redirect examination.'" *Lopez*, 2011-NMSC-035, ¶ 5 (text only) (quoting Rule 11-804(B)(1) (2011)); *see also* Rule 11-804(B)(1) (stating that former testimony is not excluded by the rule against hearsay if the declarant is unavailable as a witness and the testimony "was given as a witness at a trial, hearing, or lawful deposition, whether given during the current proceeding or a different one; and . . . is now offered against a party who had—or, in a civil case, whose predecessor in interest had—an opportunity and similar motive to develop it by direct, cross-, or redirect examination"). Defendant admits he was able to cross examine Victim at the preliminary hearing [BIC 21-22], but argues that it was not meaningful because seventeen months had passed since the preliminary hearing, and, at the time of the pretrial hearing, defense counsel had not yet interviewed Victim. [BIC 22] Defendant acknowledges that our Supreme Court has recognized "that absent extraordinary circumstances preliminary hearing testimony may be admitted at trial if the witness is unavailable because the motive to cross-examine is similar." [BIC 22] *See Lopez*, 2011-NMSC-035, ¶ 6 (internal quotation marks and citation omitted).

**{8}** At the preliminary hearing, Victim testified that Defendant stabbed her in the leg while they were having a disagreement; Victim passed out, was bleeding a lot, received medical treatment, including seven stitches, and was released. [BIC 2] While Defendant points to the length of time that passed since the preliminary hearing, as well as the fact that defense counsel had not yet interviewed Victim prior to that hearing, Defendant does not demonstrate the existence of extraordinary circumstances to warrant an exception to the rule. *See id.* Further, Defendant does not claim that defense counsel had no opportunity to cross-examine Victim regarding the "statement that is now being offered into evidence against him" or that the passage of time impacted the prior opportunity. *State v. Henderson*, 2006-NMCA-059, ¶ 16, 139 N.M. 595, 136 P.3d 1005 (emphasis omitted). Nor does Defendant assert he was facing different charges at the preliminary hearing and at trial or was represented by different defense counsel. *See id.* ¶ 12. Defendant suggests that counsel had different motives to cross-examine Victim but does not specify why the motive to cross-examine Victim would have been any different at trial or how meaningful cross-examination was limited. The preliminary hearing testimony was introduced at trial to establish the same factual information from Victim about what occurred and Defendant's involvement. [BIC 13, 20] *See id.* ¶ 12 (concluding that the defendant had an "opportunity and similar motive" for cross-examination when the defendant was able to cross examine the witness "about whether any crime was committed and whether [the d]efendant was involved" (internal quotation marks omitted)). We therefore conclude that the admission of Victim's preliminary hearing testimony at trial was not erroneous under Rule 11-804(B)(1) and did not violate Defendant's confrontation rights.

**{9}** Based on the foregoing, we affirm the district court.

**{10} IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Chief Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**KATHERINE A. WRAY, Judge**